## In re BAXTER.

District Court, S. D. New York.
Jan. 10, 1939.

5

bankrupt filed a voluntary petition on July 6, 1932, showing no assets and $16,000 in liabilities. He later made application for discharge. Specifications in opposition were filed in behalf of a number of creditors, including one Margison. The specifications were later withdrawn, and discharge was granted on June 7, 1933. On motion by Margison the discharge was revoked by order of July 15, 1935, for fraud of the bankrupt in obtaining it and the case was sent to the referee for further proceedings relative to the bankrupt's right to a discharge. After further proceedings the referee was directed, by order of March 22, 1938, to hear testimony and report on the original specifications interposed in 1932. Those specifications charged the bankrupt with destruction or concealment of books of account or records, with transfer and concealment of personal property and real estate in fraud of creditors, with failure to explain loss of assets or deficiency of assets to meet liabilities, and with failure to list assets in schedules. The referee, having taken testimony, has reported that the first specification has been established by the proof and that the other specifications have not been established.

The referee was right in concluding that the first specification had been proved. For some years prior to bankruptcy the bankrupt operated a house for summer boaders and roomers in Sullivan County, and also carried on a plumbing business. He owed nearly $9,000 to unsecured creditors, most of it for goods sold and delivered. He kept books and records, but destroyed them shortly before bankruptcy or after bankruptcy. No books or records were produced. Without them it was not possible to discover the bankrupt's financial condition. The case is a plain one of unwarranted destruction or concealment of books, requiring denial of discharge. Karger v. Sandler, 2 Cir., 62 F.2d 80.

As to the second specification, transfer and concealment of property in fraud of creditors, the referee was of opinion that while the case was suspicious the specification had not been proved. I cannot escape the conclusion that the charge of concealment of property in fraud of creditors is amply borne out by the proof. The bankrupt in July 1930 conveyed to a daughter his real estate of 50 acres, on which he conducted his summer boarder business. The property also contained a

Joseph Greenhill, of New York City (Isaac Silberman, of Monticello, N. Y., of counsel), for bankrupt.

John D. Lyons, of Monticello, N. Y., for creditor.

PATTERSON, District Judge.

The referee has reported that the bankrupt should be denied discharge. The

store and a garage which the bankrupt rented to others. At the same time he transferred to the daughter the personal property on the place. He was indebted at the time, and the transfers left him without assets. When he was asked about the transfer some days later by Goldstein, the son of one of his creditors, he said that it was due to the fact that creditors were crowding him but that he would see to it that the debt owed to Goldstein's father was paid. There is not the slightest reason to doubt Goldstein's testimony. After the transfers the bankrupt remained on the place and ran the boarding business as before. In 1934, after he had obtained his discharge and before the proceeding to revoke it was commenced, the daughter conveyed the property to the bankrupt's wife. The transaction thus has all the marks of a transfer in fraud of creditors, with a secret trust in favor of the bankrupt. The bankrupt claimed that the daughter paid him $1,000 in cash for the property at the time of the transaction, and it was this factor that produced doubt in the referee's mind. The testimony of the cash payment is not convincing. The deed bore no revenue stamps. But even if such a payment were made, it would not make the transaction an honest one. The property, according to an affidavit made by the bankrupt in 1931, was worth $20,000 and had encumbrances not in excess of $13,-000. Payment of $1,000 would not constitute fair value for the bankrupt's equity of $7,000 in the property. Moreover, the payment of consideration is immaterial where the transferror has the actual intent to hinder, delay and defraud creditors. New York Debtor and Creditor Law (Consol.Laws, c. 12) § 276; Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289.

The transaction, viewed as a transfer in fraud of creditors, occurred more than one year before bankruptcy and so is not a bar to discharge under section 14b, Bankr.Act, 11 U.S.C.A. § 32(c). But the inference is unavoidable that there was also a secret trust for the bankrupt's benefit. This was a concealment of his property in fraud of creditors, a trick to keep his property clear of creditors, and the concealment continued down to bankruptcy and after bankruptcy. James v. Stone & Co., 4 Cir., 181 F. 1021; In re Ulrich, D.C. N.Y., 18 F.Supp. 919. The second specification was sustained by the evidence.

The first and second specifications were proved. The objecting creditor will submit an order denying discharge. The referee will be awarded the sum of $50, to be paid by the bankrupt.