**In re SAPHIRE.**

**No. 83.**

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1943

Goldberg & Hatterer, of New York City (Samuel Sumner Goldberg, of New York City, of counsel), for appellant.

Charles Gottlieb, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The appellant was adjudicated bankrupt upon her voluntary petition filed on April 21, 1942. The appellee, Harry White, was her only scheduled creditor. To her petition for a discharge he filed a specification of objection based on section 14, sub. c(4), of the Chandler Act, 11 U.S.C.A. § 32, sub. c(4), which the referee in bankruptcy sustained, denying her a discharge. This appeal raises only the sufficiency of the evidence to support the referee's findings, confirmed by the district court, that within the year immediately preceding the filing of her petition in bankruptcy she concealed property with intent to hinder, delay or defraud her creditors.

The property she is charged with having concealed is an interest in 100 shares of the stock of Rose Saphire, Inc. The capital stock of this corporation was 200 shares, of which one-half had stood in the name of the appellant and the other half in the name of her brother, Abe Saphire, for several years prior to August 1939. In that month she transferred her 100 shares to Abe Saphire under circumstances making it perfectly clear that her intent was to put the stock, her sole asset, beyond the reach of the appellee, who was about to obtain a $5,000 judgment against her in a suit to recover on notes given by her for borrowed money. The referee found, and rightly, that her brother shared in such fraudulent intent. In form the transaction was a sale of her stock to Abe for $1,000, and this sum was actually paid her by him. There was evidence that her stock had a liquidating value substantially greater than the price paid. Three financial statements furnished to a bank showed the net worth of the corporation to be $8,325.30 on July 31, 1938, $8,282.80 on May 31, 1939, and $8,146.62 on May 31, 1940. The first two statements were signed by Abe Saphire as vice-president of Rose Saphire, Inc., the last by Rose Saphire as president. The correctness of these statements was not disputed. They disclose a liquidating value of about $4,000, for the appellant's 100 shares, even though the corporation had shown annual operating losses and never paid a dividend. The stockholders preferred to distribute its earnings in the form of salaries to themselves. Before August 1939 they each had a salary of

$75 a week and after Rose transferred her stock to her brother, each continued to receive the same salary until he ceased to be a stockholder, as will hereafter appear. The inadequacy of the consideration paid, the fictitious reasons advanced in explanation of the "sale", and the conduct of the parties subsequent to the transfer caused the referee to infer that Abe held the transferred shares upon a secret trust for Rose, subject to repayment to him of the thousand dollars, which trust was created for the purpose of concealing her proprietary interest in the stock. In September 1939 Rose Saphire became the wife of Theodore L. Kaye. Six months later, on April 23, 1940, Abe Saphire assigned all the stock of Rose Saphire, Inc., to Kaye. This transaction also took the form of a sale, the price for the 200 shares being $2,000. Again the price was inadequate, the liquidating value of the stock being some $8,000 as shown by the financial statement of May 31, 1940. Kaye bought without any knowledge or inquiry as to its value and professes that his purpose was to retain for his wife the opportunity to continue as president of the corporation and to manage the business as "her plaything". He did not have the stock transferred to her name because of the appellee's judgment. Abe Saphire's explanation of why he sold at the time and at the price he did will not withstand scrutiny; he was not being "harassed" by the appellee in April 1940; he had only to use the resignation she had delivered to him if he wished to oust her from management of the corporation. The referee inferred that $1,000 of the consideration paid by Kaye to Abe Saphire was payment for the 100 shares owned by him and the other $1,000 was intended to discharge Rose Saphire's obligation to Abe Saphire created in August 1939 upon her transfer to him of her 100 shares. The referee further found that the secret trust in respect to those shares was continued by substituting her husband as trustee in place of her brother, and that the trust was continued for the purpose of concealing Rose Saphire's secret proprietary interest therein and with the intent to hinder, delay and defraud her creditors, in particular the appellee. In March 1942 Rose Saphire caused the corporation to file a petition for reorganization, and a month later filed her own voluntary petition in bankruptcy. The corporation was adjudicated bankrupt in June 1942.

 The appellant contends that the findings as to a secret trust in her favor are pure surmise and speculation. In cases of concealment of a retained interest in fraud of creditors it is seldom, if ever, that direct evidence of the retained interst is available. Usually the proof must be circumstantial and must depend upon inferences reasonably to be drawn from the conduct of the parties during and after the transaction under attack. Their demeanor upon the witness stand is also an important factor of proof for appraisal by the referee or trial judge. Even the cold printed record discloses that the bankrupt and her brother were unreliable witnesses. Counsel for the appellant has quoted from numerous cases to demonstrate that discharges will not be withheld when the proof is doubtful. But citation of authorities is of little value where the issue is fraud. Moreover, all but one of the cases cited were decided before the amendment of 1926 which, as this court explained in Federal Provision Co. v. Ershowsky, 94 F.2d 574, 575, "revolutionized the procedure in discharge." The provisions of the amendment have been substantially retained under the Act of 1938. Collier on Bankruptcy, 14th Ed., Par. 14.12; Remington on Bankruptcy, 5th Ed., § 3410.50. An examination of the evidence has satisfied us, as it did the referee and the district court, that Rose Saphire retained an interest in the 100 shares of stock transferred by her to her brother and by him to her husband, which not only enabled her to continue to draw a salary from the corporation but also would have enabled her to realize a value had the corporation been liquidated after the beginning of the year preceding the filing of her petition in bankruptcy. Cf. In re Baxter, D.C.S.D.N.Y., 27 F.Supp. 54; In re Ulrich, D.C.S.D.N.Y., 18 F.Supp. 919, affirmed, 2 Cir., 95 F.2d 1018. That the purpose of concealing her interest was to hinder and defraud the appellee is too plain to require discussion.

Order affirmed.