In re Charles Edward BROWN, Debtor.

Gail Susan BROWN, Plaintiff,

v.

Charles Edward BROWN, Defendant.

Bankruptcy No. 3–82–02297.
Adv. No. 3–83–0028.

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 23, 1983.

Edward A. Mayer, Louisville, Ky., for debtor.

Steven K. Robison, Seymour, Ind., for plaintiff.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

A complaint to determine dischargeability pursuant to 11 U.S.C. § 523(a)(5) was filed on February 4, 1983, by plaintiff alleging that certain payment obligations assumed by debtor in accordance with a separation and property settlement agreement and final decree of dissolution are in the nature of maintenance or support and nondischargeable in bankruptcy. Debtor generally denies that said debts constitute a form of maintenance or support as required by the exception to discharge language of § 523(a)(5).

This Court finds that certain credit obligations to be paid in full by debtor, with debtor's right to offset a percentage of payments thereon against future child support obligations, were not intended by the parties or the state court to constitute maintenance or support. Rather, said obligations clearly resulted from the parties' efforts to divide marital debts and this debt assignment was discharged by this Court's order of March 7, 1983. Further, debtor's obligation to pay attorney fees in the sum of $2,400.00 on behalf of the former spouse are found to meet the criteria established by the Sixth Circuit in the recent decision of *In re Calhoun*[1] for determining a debt to be in the nature of maintenance or support and fully excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

## FINDINGS OF FACT

On October 21, 1982, a final decree dissolving the marriage of Gail Susan Brown, creditor herein, and Charles Edward Brown, debtor, was entered by the Jackson Circuit Court, Jackson County, Indiana. The final decree incorporated a separation and property settlement agreement signed by the

---

1. *In re Calhoun*, 715 F.2d 1103 (6th Cir., 1983).

parties, said agreement providing in pertinent part:

Husband shall pay the entire balance due on all charge accounts which are payable by the parties; provided, however, husband shall receive a credit on future child support in the following amounts:

(a) One hundred percent on all charges made to the charge accounts of the parties by wife for the exclusive benefit of wife; and

(b) Fifty percent of all charges made to the charge account of the parties by either the husband or the wife for the exclusive benefit of the children of the parties; and

(c) Fifty percent of all charges made to the charge accounts of the parties by either husband or wife for the mutual benefit of husband and wife.

The separation and property settlement agreement further provided in paragraph (5):

Husband shall pay wife's attorney, Kenneth A. Layton, the second installment on his attorney's fee in the sum of $175.00 as ordered by the court's order dated April, 1982, within thirty (30) days of this agreement.

Husband shall pay wife's attorney, Kenneth A. Layton, the additional sum of $100.00 for his attorney's fee in connection with the preparation and filing of the petition for contempt citation filed with the court's order dated April 20, 1982, within thirty (30) days of this agreement.

The parties stipulated that their acceptance of the terms set forth in the separation and property settlement agreement effectuated a full release of any and all claims and rights against the other.

The final decree of dissolution provided that all marital property was to be divided as established by the parties in the separation and property settlement agreement. The circuit court then entered a finding that Mr. Brown should pay $2,400.00 in attorney's fees on behalf of Mrs. Brown, testimony establishing that said sum incorporated the $275.00 attorney's fee obligation incurred by debtor pursuant to the separation and property settlement agreement.

Mr. Brown filed a petition in bankruptcy on October 15, 1982, listing credit obligations totaling $2,870.00 as unsecured debts owing on various charge accounts cosigned by Mrs. Brown. Debtor further listed the $2,400.00 attorney's fee obligation as an unsecured claim owing to Mrs. Brown's attorney of record in the dissolution proceeding. Subsequent to this Court's discharge order of March 7, 1983, Mrs. Brown filed a complaint to determine dischargeability, requesting this Court's finding that the credit obligations and attorney's fees owed by debtor are debts in the nature of maintenance or support and excepted to discharge pursuant to 11 U.S.C. § 523(a)(5). Mr. Brown responds that Mrs. Brown, as cosignor of the credit obligations, is not a creditor and thus lacks standing to challenge discharge; that payments owed to a third party rather than directly to a former spouse are not within the exception to the discharge provision of the Code; and that the assumed credit obligations and attorney's fee debts were not intended by the parties or state court to constitute a form of maintenance or support.

## CONCLUSIONS OF LAW

Debtor's initial objection to the complaint to determine dischargeability pursuant to 11 U.S.C. § 523(a)(5) is that the former spouse is not a "creditor" as cosignor of the credit accounts and thus lacks standing to challenge discharge of debtor's assumed credit obligations.

■ Fed.R.Bankr. P. 4007(a) provides that the debtor or a creditor may file a complaint with the bankruptcy court to determine the dischargeability of a debt. 11 U.S.C. § 101(9)(A) of the Bankruptcy Code defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(4)(A) characterizes a "claim" as the right to payment whether or not the right is contin-

gent. Mrs. Brown, as cosignor of the credit obligations for which debtor had agreed to hold her harmless, had a contingent claim against debtor while said credit obligations remained unpaid. To hold that a cosignor of incurred debts lacks standing to challenge dischargeability of the obligations, notwithstanding an existing hold harmless agreement to which the debtor is subject, would force the cosignor to pay all debts if standing to object to discharge were to be achieved. Such a result would be manifestly unjust, and this Court finds that Mrs. Brown is a "creditor" within the language and meaning of Code provisions with right to challenge the discharge of debtor's assumed credit obligations.

The second issue raised by debtor's response to plaintiff's challenge to discharge is whether payment obligations owed by a debtor but not payable directly to a former spouse is within the language of the exception to discharge provision, 11 U.S.C. § 523(a)(5).

The intent of Congress to provide relief to debtors in bankruptcy is countered by Congress' recognition that financial support to debtor's children and former spouse need be assured. In consideration thereof, 11 U.S.C. § 523 was enacted which provides that an individual debtor is not discharged from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement divorce decree, or property settlement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

The House and Senate Reports contain conflicting language regarding whether payments in the nature of alimony, maintenance or support must be payable directly to a former spouse to be nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

Paragraph 5 excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child. This language, in combination with the repeal of section 456(b) of the Social Security Act (43 U.S.C. 656(b)) by section 327 of the bill will apply to make nondischargeable only alimony, maintenance or support owed *directly* to a spouse or dependent. See *Hearings,* pt. 2, at 942 (emphasis added).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), *reprinted in* [1978] U.S.Code Cong. and Ad.News, 5787, 6320; S.Rep. No. 95–989, 95th Cong., 2d Sess. 79, *reprinted in* [1978] U.S.Code Cong. and Ad.News, 5865.

However, the remaining portion of the Report refutes any direct payment requirement:

This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement.

Further, the Senate Debate on Compromise Bill, 124 Cong.Rec. H 1164–66 (daily ed. Oct. 6, 1978) interprets Section 523 to indicate that certain payments to third parties may be nondischargeable:

Section 523(a)(5) is a compromise between the House Bill and the Senate Amendment. The provision excepts from discharge a debt owed to a spouse or child of the debtor, in connection with a separation agreement, divorce decree or property settlement agreement, for alimony to, maintenance for, or support of such spouse or child but not to the extent that the debt is assigned to another entity. If the debtor has assumed an obligation of the debtor's spouse to a third party in

connection with a separation agreement, property settlement agreement or divorce proceeding, such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance, or support of debtor's spouse, former spouse or child.

Soon after the Bankruptcy Code was enacted, the error of using language in drafting 11 U.S.C. § 523 which appeared to exclude all assigned obligations from discharge became apparent. Consequently, Section 2334(b) of Title XXIII of the Committee's Budget Reconciliation Act of 1981, Pub.L. No. 97–35 was enacted in August of 1981 to amend 11 U.S.C. § 523(a)(5) to make nondischargeable a child support obligation assigned to a state under Section 402(a)(26) of the Social Security Act. Senate Report 97–139 addresses this amendment:

> Committee amendment—The committee amendment would reverse the effect of an amendment made by Section 328 of Publ.L. 95–598 and reinstate a provision of the Social Security Act previously in effect, declaring that a child support obligation assigned to a State as a creditor of AFDC eligibility is not discharged in bankruptcy. The committee believes that a parent's obligation to support his child is not one that should be allowed to be discharged by filing for bankruptcy, and that a child support obligation assigned to a State as a condition of AFDC eligibility should not be subject to determination in that way.

S.Rep. 97–139, 97th Cong., 1st Sess. 523 (1981). U.S.Code Cong. and Ad.News, 1981, pp. 396, 789–790.

■ This amendment is a recognition by Congress that some debts which are actually "in the nature of alimony or support" may have been assigned to a third party. Although the statutory language of § 523 does not codify the apparent intent of Congress for all legitimate debts in the nature of alimony and support be excepted from discharge, this Court agrees that "to follow blindly the plain [language] of the statute without regard to the obvious intention of Congress would create an absurd result in accord with neither established principles of statutory construction nor common sense." *In re Adamo,* 619 F.2d 216 (2d Cir.1980). See also *In re Sponge,* 661 F.2d 6 (2d Cir. 1981); *In re Calhoun, supra; Goggans v. Osborn,* 237 F.2d 186 (9th Cir.1956). This Court therefore finds that 11 U.S.C. § 523(a)(5) was intended to except from discharge debts other than direct payments for alimony and support when said debts are in the nature of alimony or support.

Because Congress unquestionably intended that only debts in the nature of alimony or support be excepted from discharge, this Court now determines whether debtor's assumed credit and attorney's fee obligations constitute debts in the nature of alimony or support, as contended by plaintiff herein.

■ Although this issue is controlled by federal law, the federal court must look to the intent of the parties or state court when creating the obligation to determine whether the debt is in the nature of alimony or support. See *In re Petoske,* 16 B.R. 412 (Bkrtcy.E.D.N.Y.1982); *In re Sponge, supra; In re Calhoun, supra;* S.Rep. No. 95–989, 95th Cong., 2d Sess. 79, *reprinted in* [1978] U.S.Code Cong. and Ad.News, 5787, 5865. See also H.R. No. 95–595, 95th Cong., 1st Sess. 364 [1977], *reprinted in* [1978] U.S. Code Cong. and Ad.News, 5963, 6320. In making the factual determination of whether the parties or state court intended to create a support obligation which is nondischargeable in bankruptcy, the bankruptcy court may consider any relevant evidence, including those factors utilized by the state court when creating the obligation. *In re Calhoun, supra.*

■ Documentation of record and testimony offered by parties herein require this Court to conclude that the credit obligations were not intended by either party or the state court to be "in the nature of alimony, maintenance or support." This obligation clearly arose from the parties' efforts to divide marital debts. The debtor's right to deduct a percentage of the credit payments from future child support payments, said setoff only decreasing the amount of child

support to be paid by debtor, is conclusively not an obligation intended to contribute to the underlying duty of support. This Court's finding that the credit obligations in the amount of $2,870.00 are dischargeable resurrects debtor's obligation to make support payments in full since only the right to setoff against support payments has been extinguished by the discharge order.

 An examination of the intent of the parties and the state court in defining debtor's obligation to pay attorney's fees on behalf of the former spouse leads this Court to find that the attorney's fees obligations were intended by the Jackson Circuit Court to be "in the nature of maintenance or support." Subsequent to an agreement by the parties regarding distribution of all marital debts and assets, the parties submitted for determination to the Jackson Circuit Court the sole issue of whether the debtor should pay attorney's fees on behalf of the former spouse. The court entered a finding that the debtor should be required to pay $2,400.00 of the former spouse's attorney fee obligation incurred during the pendency of the dissolution proceeding. The award of attorney's fees could not constitute an attempt to further divide marital property, said property having been distributed in full by agreement of the parties and incorporation into the final decree by the circuit court. Additionally, testimony by the parties confirmed that at the time of issuance of the final decree, creditor spouse was attending school to prepare for future employment and was then unemployed. Plaintiff-creditor also maintains custody of the parties' children, including responsibility for the care of a handicapped child. The award of attorney's fees would effectuate a means of providing support necessary to ensure that the daily needs of the former spouse and children be met. The debtor, who currently earns $18,000.00 annually, is found to be capable of making said payments presently and in the foreseeable future to Mrs. Brown's attorney.

For the above-stated reasons, the Court finds the attorney's fee obligation in the amount of $2,400.00 is excepted from the order of discharge entered by this Court on March 7, 1983.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 23rd day of November, 1983.