**In re Mildred Alice HUNN, Debtor.**

**Barry J. HUNN, Plaintiff,**

v.

**Mildred Alice HUNN, Defendant.**

**Bankruptcy No. 84–709–BK–J–GP.**
**Adv. No. 84–291.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 29, 1985.

Lawrence C. Rolfe, Jacksonville, for plaintiff.

Lester Makofka, Jacksonville, for defendant.

## CONCLUSIONS OF LAW AS TO STANDING AND ORDER SCHEDULING TRIAL

GEORGE L. PROCTOR, Bankruptcy Judge.

The facts of this case are uncontested—the plaintiff is the debtor/defendant's ex-spouse and is contingently liable on the marital debts. He has filed a complaint objecting to her discharge on grounds set forth in 11 U.S.C. § 727(a)(3), (4) and (5). At a pretrial conference held on March 19, 1985, the defendant raised the argument that the plaintiff has no standing to bring a complaint under § 727 in that he is not a creditor within the meaning of § 727(c)(1), which confers standing to object to the discharge. The basis for the defendant's argument is that the plaintiff is neither listed on the defendant's bankruptcy schedules as a creditor nor has he filed a proof of claim.

The plaintiff responds that those circumstances do not defeat his status as a creditor. We must agree. In *In re Brown*, 37 B.R. 295, 10 C.B.C. 183 (Bkrtcy.W.D.Ky. 1983) the Court held that an ex-spouse with contingent liability on certain marital debts was clearly a creditor within the meaning of 11 U.S.C. § 101(9) for purposes of standing to object to dischargeability of a debt under 11 U.S.C. § 523. We find this ruling applicable to the instant case in that there is no reason creditor status, for purposes of bestowing standing to object to dischargeability under § 523, should be viewed any differently from creditor status for purposes of standing to object to discharge under 11 U.S.C. § 727 which per-

mits "the trustee or a creditor" to object to discharge under subsection (a).

While Bankruptcy Rule 3002(a) clearly requires a proof of claim to be filed in order for the claim to be allowed for purposes of the claimant sharing in distribution in the estate, there is no suggestion in the statutes or the rules that a claim ceases to exist if not supported by a timely proof of claim. Title 11, U.S.C. § 101(9)(A) defines a creditor simply as an entity that has a claim against the debtor that arose at the time of or before the Order for Relief concerning the debtor. There is no reference to schedules or proofs of claim. There does not seem to be any equitable reason to bar this plaintiff from pursuing an action under § 727(a) on standing grounds.

It is certainly not his fault that the defendant did not list him as a creditor in her schedules. It is uncontested that the reason he did not file a proof of claim was that he did not expect a distribution. In any event, it would be in the typical instance rather pointless in the ordinary case for a creditor whose only claim is contingent liability to file a proof of claim, as such a creditor would not ordinarily participate in the distribution.

It appearing that the material allegations set forth in the complaint are at issue, this case is set for trial on August 7, 1985, at 3:30 p.m., in Room 240, U.S. Post Office and Courthouse Building, 311 West Monroe Street, Jacksonville, Florida. The Court has allotted one hour for the trial. Unless otherwise noticed, all motions filed before the trial will be called up for hearing at the trial.