**In re Mildred Alice HUNN, Debtor.**

**Barry J. HUNN, Plaintiff,**

**v.**

**Mildred Alice HUNN, Defendant.**

**Bankruptcy No. 84–709–BK–J–GP.**
**Adv. No. 84–291.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 21, 1985.

---

Lawrence C. Rolfe, Jacksonville, Fla., for plaintiff.

Lester Makofka, Jacksonville, Fla., for defendant.

## ORDER DENYING DISCHARGE OF DEBTOR

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS MATTER was tried on August 6, 1985, to determine the validity of the plaintiff's objection to the defendant's Chapter 7 discharge. The plaintiff is the defendant's former husband and is contingently liable on certain debts of the marriage that the defendant assumed at the time of the dissolution of their marriage. We dealt with the issue of the plaintiff's standing to bring this action in Conclusions of Law entered on April 30, 1985, 49 BR 430, finding that he does have standing to bring the instant action.

The plaintiff alleges conduct barring a discharge under 11 U.S.C. § 727(a)(2)(3) and (4)(A), and (5), i.e. that debtor has, ... with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date for the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) ... concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained ...;

(4) ... knowingly and fraudulently, in or in connection with the estate—

(A) made a false oath or account ...;

(5) ... failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

The factual basis of the complaint is that to the plaintiff's personal knowledge, the defendant had in her possession, within less than a year before the date of filing of her petition, numerous items of personal property with substantial value. Her bankruptcy schedules, however, reflect personalty worth only $60, i.e. $50 for all household goods and furnishings and $10 for clothing, with no explanation for the diminution in her estate.

In direct violation of Bankruptcy Rule 4002, the debtor failed to appear at the trial. Nevertheless, Rule 4005 places the burden of proof in objection to discharge on the plaintiff. We must determine whether the plaintiff presented enough evidence to raise an inference of conduct proscribed by the provisions under which the complaint is brought, to shift to the defendant the burden of going forward with the evidence. We find that the plaintiff's testi-

mony was sufficient to raise strong suspicions that the defendant had engaged in proscribed conduct and to shift the burden of going forward to her.

The only manner in which the Court heard some portion of the defendant's version of events was through a deposition taken of her by the plaintiff in October 1984, within the bankruptcy case to which this adversary proceeding is related. That deposition did not address all of the unexplained losses of property testified to by the plaintiff. The defendant did explain the loss of certain items of personalty by saying they were lost in her move from one apartment to another within the same apartment complex. Even if we take this facially rather unlikely explanation as true, Mr. Hunn's unrebutted testimony created the inference of conduct proscribed by § 727(a) with respect to many items other than those which might have been lost in the move.

The evidence presented by the plaintiff, who was the only witness, was not overwhelming and might readily have been rebutted. The defendant chose not to appear, in direct violation of Rule 4002 as well as her own manifest interests, and did not rebut the inferences raised by the plaintiff. Therefore, we must enter a judgment denying the defendant's discharge.

It is ORDERED, ADJUDGED, and DECREED that

1. The plaintiff's objection to the defendant's discharge is sustained, and

2. The Clerk shall forthwith notify parties in interest of the denial of the defendant's discharge.