In re Sheik M. ISHAHAK, Debtor.

**COUNTY REAL ESTATE CORP., Plaintiff,**

v.

**Sheik M. ISHAHAK, Defendant.**

**Bankruptcy No. 889–90713–478.
Adv. No. 889–0125–478.**

United States Bankruptcy Court,
E.D. New York.

July 30, 1991.

Hal Ian Wolsky, Garden City, N.Y., for plaintiff.

Fischoff & Gelberg, Garden City, N.Y., for debtor-defendant.

## DECISION

DOROTHY EISENBERG, Bankruptcy Judge.

Plaintiff, COUNTY REAL ESTATE CORP. ("County") has instituted the instant adversary proceeding seeking to bar the discharge of SHEIK M. ISHAHAK ("Debtor") pursuant to sections 727(a)(2)(A) and 727(a)(4)(A) of the Bankruptcy Code. The Complaint alleges that the Debtor transferred his interest in commercial real property (the "Property") with intent to hinder, delay or defraud a creditor within one year of the filing of his Chapter 7 petition and made a false oath by intentionally failing to disclose said transfer in his petition.

For the reasons set forth below, the Debtor's discharge is denied.

## FACTS

The Court conducted a trial on the issues on January 17, 1991. The Debtor answered the Complaint and appeared at trial by his attorney. The Debtor did not personally appear at trial and his counsel presented no evidence at the close of Plaintiff's case. Upon the testimony and evidence adduced at trial, the Court makes the following findings of fact.

1. On April 28, 1989, Ishahak filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. In the petition, the Debtor declared, under penalty of perjury, that he did not transfer any property within one year immediately preceding the filing of the Petition.

2. On September 22, 1988, the Debtor executed a six month exclusive sales agreement with County, a real estate broker, to sell real property owned by the Debtor. The agreement reflected that the Property was to be marketed at a value of approximately $389,000.00. (Plaintiff's Exhibit "1").

3. On October 16, 1988, the Debtor transferred without consideration a one-half (½) interest in the Property to Lachman Raghunauth. The transfer is evidenced by a deed dated October 16, 1988 and recorded in the office of the New York City Register, Queens County, on November 16, 1988. (Plaintiff's Exhibit "2"). The October 16, 1988, transfer was made within seven months of the filing of the petition.

4. On March 9, 1989, the Debtor transferred his remaining one-half (½) interest in the Property to Lachman Raghunauth (Plaintiff's Exhibit "3") for $17,000 which was inadequate consideration for the Property. The March 9, 1989 transfer was

made within sixty days of the filing of the petition.

5. In both transfers, the addresses of the transferor and transferee are the same.

6. By Order dated June 5, 1989, the Debtor amended Schedule A–3 of his petition to include County as an unsecured creditor for money owed for a real estate broker's commission. The Debtor has made no other amendments to his Schedules or Statement of Financial Affairs.

7. The Statement of Financial Affairs filed and sworn to by the Debtor indicated that he had not made any transfer of his property within one year. His statement was false.

8. On August 23, 1989, County timely filed a proof of claim for a real estate broker's commission due on the "sale" of the Property to Raghunauth during the term of the exclusive sales agreement, and thereafter timely filed this adversary proceeding objecting to Ishahak's discharge pursuant to sections 727(a)(2)(A) and 727(a)(4)(A) of the Bankruptcy Code.

## DISCUSSION

### A.  *Section 727(a)(2)(A).*

■ Section 727(a)(2)(A) provides in pertinent part, that "the court shall grant the debtor a discharge, unless ... the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred ... property of the debtor, within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A)(1988). In order to sustain a complaint objecting to discharge under section 727(a)(2)(A), the creditor must prove: (1) a transfer of property has occurred; (2) the Property was property of the debtor; (3) the transfer occurred within one year of the filing of the Petition; and (4) the debtor had, at the time of the transfer, the intent to hinder, delay or defraud a creditor. *In re Fine,* 89 B.R. 167, 173 (Bankr.D.Kan.1988), (citing *In re Butler,* 38 B.R. 884, 887 (Bankr.D.Kan.1984)). The uncontroverted evidence adduced at trial showed that (1) two transfers of the Debtor's interest in the Property occurred; (2) the Property belonged to the Debtor; and

(3) the transfers occurred on October 16, 1988 and March 9, 1989; *i.e.* within one year of the filing of the petition. The second transfer took place shortly before the filing of the Petition, at a time when the Debtor is presumptively insolvent, and for minimal consideration.

Fraudulent intent is rarely susceptible to direct proof. *In re Saphire,* 139 F.2d 34, 35 (2d Cir.1943). Therefore, courts have developed "badges of fraud" to establish the requisite actual intent to defraud. *In re Freudmann,* 362 F.Supp. 429, 433 (S.D.N.Y.1973), *aff'd,* 495 F.2d 816 (2d Cir. 1974) (per curiam). The Court of Appeals for the Second Circuit has characterized the badges of fraud as follows:

(1) the lack or inadequacy of consideration;

(2) the family, friendship or close associate relationship between the parties;

(3) the retention of possession, benefit or use of the property in question;

(4) the financial condition of the party sought to be charged both before and after the transaction in question;

(5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors;  and

(6) the general chronology of the events and transactions under inquiry.

*In re Kaiser,* 722 F.2d 1574, 1582–83 (2d Cir.1983).

■ In the instant case, it is clear that while experiencing financial difficulties, Debtor transferred a one-half (½) interest in his Property to Raghunauth, a party having the same address as the Debtor, for no consideration, while retaining the use and enjoyment of the Property for another five months. The Debtor then transferred his remaining interest in the Property to Raghunauth for nominal consideration within sixty days of filing his petition. More significantly, the Debtor neglected to list these transfers on the petition and then declared under penalty of perjury as to the

accuracy of the information provided in the petition.

The Plaintiff has presented sufficient evidence to establish a prima facie case as to the Debtor's acts sufficient to infer intent to defraud. The intent to defraud is obvious. This is bolstered by the fact that although the Debtor amended his petition to add the debt owed to Plaintiff as real estate broker with regard to the transfer of the Property, the Debtor never amended the petition to reveal the two (2) transfers.

## B. *Section 727(a)(4)(A).*

■ Section 727(a)(4)(A) provides, in pertinent part, that "the court shall grant the debtor a discharge, unless ... the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath ...". 11 U.S.C. § 727(a)(4)(A)(1988). In order to sustain an objection to discharge based on section 727(a)(4)(A), the objecting party must establish the following elements: (1) the debtor made a statement under oath; (2) such statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *In re Arcuri*, 116 B.R. 873, 880 (Bankr.S.D.N.Y.1990), (citing *Williamson v. Fireman's Fund Insurance Co.*, 828 F.2d 249, 251 (4th Cir.1987)). The objecting creditor must prove actual fraud not just constructive fraud. *In re Adlman*, 541 F.2d 999, 1003 (2d Cir.1976). Since debtors are unlikely to admit the fraudulent intent, the court may infer such intent from circumstantial evidence. *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985). "It is also widely recognized that reckless indifference to the truth is the equivalent of fraud." *In re Sapru*, 123 B.R. 948, 958 (Bankr.E.D.N.Y.1990), (citing *In re Diorio*, 407 F.2d 1330, 1331 (2d Cir.1969)).

■ In the instant case, County adduced uncontroverted evidence showing that (1) the Debtor declared under penalty of perjury in his Statement of Financial Affairs, dated April 28, 1989, that he had not made any transfers of real property within one year of filing the petition; (2) the declaration was false because the Debtor had, in fact, transferred one-half (½) of his interest in the Property on October 16, 1988 and the other one-half (½) on March 9, 1989; (3) the Debtor knew or should have known that his April 28, 1989 declaration was false because he made it only six weeks subsequent to transferring his interest in the Property; (4) the Debtor's fraudulent intent is inferred by his failure to disclose the transfers of the Property on his petition in a reckless disregard of the truth; and (5) the false oath was material because it concerned the disposition of the Debtor's property which he had retained a broker to sell for a sum in excess of $300,000.00.

## C. *Burden of Proof.*

■■ The burden of proof rests at all times on the creditor objecting to the discharge. Although the creditor has the burden of proving its objection to discharge, the burden of going forward shifts to the debtor after the creditor puts forth sufficient evidence to establish its *prima facie* case. *In re Sapru*, 123 B.R. at 958, (citing *Matter of Brooks*, 58 B.R. 462, 464 (Bankr. W.D.Pa.1986)). The debtor cannot prevail if he fails to offer credible evidence after the creditor has made a *prima facie* case. *In re Reed*, 700 F.2d 986, 992–93 (5th Cir. 1983).

■ In the instant case County established a *prima facie* case by proving all the elements necessary to sustain an objection to discharge under sections 727(a)(2)(A) and 727(a)(4)(A). Since County presented sufficient evidence to satisfy the burden of going forward with evidence, the burden thereafter shifted to the Debtor to produce evidence to rebut the Plaintiff's case. *In re Bernard*, 99 B.R. 563, 570 (Bankr. S.D.N.Y.1989), (citing *In re Devers*, 759 F.2d at 754); *In re Martin*, 88 B.R. 319, 321 (D.Colo.1988); *In re Montgomery*, 86 B.R. 948, 956 (Bankr.N.D.Ind.1988). The Debtor, who put forth no evidence at trial, has failed to meet his burden of going forward by refusing to offer a satisfactory explanation for not disclosing the transfers on his petition.

In addition, Bankruptcy Rule 4002(2) imposes a duty on the Debtor to attend the hearing on a complaint objecting to discharge brought pursuant to section 727(a) of the Bankruptcy Code.

In addition to performing other duties prescribed by the code and rules, the debtor shall ...

(2) attend the hearing on a complaint objecting to discharge and testify, if called as a witness ...

A debtor's intentional disregard for the obligation to attend a hearing on an objection to discharge is in itself sufficient to deny the debtor's discharge. *In re Howard,* 55 B.R. 580, 583 (Bankr. E.D.N.C.1985), (citing 4 *Collier on Bankruptcy,* ¶ 727.09 at 727–67 (15th ed.1985)); *In re Hunn,* 51 B.R. 981, 982–983 (Bankr. M.D.Fla.1985). *Collier on Bankruptcy* explains that failure of a debtor to attend a hearing on an objection to discharge makes it difficult for the objecting party to meet the burden of proof. "... therefore, such attendance is compelled by the rules, and non-attendance itself may be grounds for denial of the discharge." 8 *Collier on Bankruptcy* ¶ 4002.04 (15th ed. 1990). In the instant case, the Debtor failed to appear at trial, in direct violation of Bankruptcy Rule 4002 and contrary to his own best interests. Had the Debtor chosen to appear and testify, he would have had an opportunity to rebut the *prima facie* case presented by County at trial. Although his counsel did cross-examine the Plaintiff's witness, he was not able to rebut the *prima facie* evidence of intentional fraud, concealment and the making of a false oath.

CONCLUSIONS

1. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(J).

2. The Plaintiff has sustained its burden of proof and presented *prima facie* evidence sufficient to sustain the complaint. This evidence was not rebutted.

3. The Debtor violated section 727 of the Bankruptcy Code by knowingly and fraudulently transferring and concealing property within one year of the filing of the Petition.

4. The Debtor violated section 727 of the Bankruptcy Code by knowingly and fraudulently making false oaths that are materially related to the bankruptcy case.

5. The Debtor's discharge is denied.

SETTLE ORDER in conformity with this decision.