In re **SOUTHERN MEDICAL ARTS COMPANIES, INC.,** formerly doing business as Pathchor, Inc., doing business as Southwest Medical Holdings, Inc., Debtor.

**Andrews Davis Law Firm, Appellant,**

v.

**Janice Loyd, Trustee, Plaintiff— Appellee,**

and

**Foxglove, Inc., Defendant—Appellee.**

BAP No. WO–05–117.
Bankruptcy No. 00–18635–WV.
Adversary No. 01–1122–WV.

United States Bankruptcy Appellate Panel for the Tenth Circuit.

June 5, 2006.

hereby DENIED.

Submitted on the briefs: * Burck Bailey and John B. Heatly of Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, Oklahoma, for Appellant.

James A. Bellingham of Bellingham, Collins, & Loyd, P.C., Tulsa, Oklahoma, for Plaintiff—Appellee.

Jackie L. Jill, Jr. of Dunn, Swan, & Cunningham, P.C., Oklahoma City, Oklahoma, for Defendant—Appellee.

Before McFEELEY, Chief Judge, NUGENT, and BROWN, Bankruptcy Judges.

## OPINION

NUGENT, Bankruptcy Judge.

Andrews Davis Law Firm ("Andrews Davis") appeals from an order of the Bankruptcy Court for the Western District of Oklahoma (the "bankruptcy court") approving a Settlement Agreement between the Trustee and Foxglove, Inc. ("Foxglove") in Adversary Proceeding No. 01–1122–WV. Andrews Davis argues that the bankruptcy court erred with respect to the following: (1) in its conclusion that An-

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

drews Davis is not a creditor and does not have standing to object to the approval of the settlement agreement; (2) in its consideration and approval of the settlement agreement when it did not have subject matter jurisdiction; and (3) in its analysis and conclusion that the settlement agreement was in the best interests of the creditors. For the following reasons, we AFFIRM the bankruptcy court's approval of the settlement agreement.

## I. *Appellate Jurisdiction*

This Court has jurisdiction over this appeal. The Appellant timely filed its notice of appeal from the bankruptcy court's final order.[1] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the Western District of Oklahoma.[2]

## II. *Background*

The pertinent facts giving rise to the pending appeal are set forth in the opinion issued in a related appeal, BAP No. WO-05–116, and will not be repeated here except as relevant to our analysis of Andrews Davis' standing to object to the compromise.

Prior to the bankruptcy filings, Andrews Davis had acted as counsel for MALI for a number of years. Andrews Davis was scheduled as a creditor in the MALI Chapter 11 and, at some point, Andrews Davis filed two proofs of claim in the case. After the case was converted to Chapter 7, the trustee pursued objections to many claims, including Andrews Davis' filed claims. Andrews Davis' claims were disallowed.

Andrews Davis were also Foxglove's attorneys in connection with the documenta-

tion of a flow-through loan from a bank to Foxglove, the proceeds of which were ultimately to be paid to MALI. Foxglove was, as part of the arrangement, to receive a valid and perfected security interest in MALI's accounts receivable. Foxglove failed to perfect the security interest and the trustee attempted to avoid it under Chapter 5 of the Code. This was the subject matter of the adversary proceeding. Foxglove sued Andrews Davis for professional negligence in Oklahoma state court and that case remains pending.

The Trustee was granted summary judgment in Adversary No. 01–1122 and Foxglove appealed. While that appeal was pending before this Court, the parties settled their dispute and filed a motion to approve their settlement under Federal Rule of Bankruptcy Procedure 9019 ("the Motion"). Unfortunately, the trustee erroneously filed the Motion in the adversary proceeding, instead of in the administratively consolidated Chapter 7 case. The notice of the Motion was sent to all creditors and parties in interest listed pursuant to an Order Limiting Notice entered on October 25, 2000, in the jointly administered main case.

The settlement agreement (the "Agreement") provided for, among other things: (1) an avoidance of the Foxglove lien in exchange for allowing Foxglove an unsecured claim in the amount of $2.5 million; (2) dismissal of the summary judgment appeal; (3) release of all claims or potential claims of the Trustee against Foxglove and the Salyers; and (4) disclaimer by the SMACI bankruptcy estate of any rights, title, or interest in the Moon policy in favor of Foxglove. The Agreement also

---

**1.** 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002(a). An order approving a compromise and settlement is a final, appealable order. *In re Cajun Elec. Power Coop., Inc.,* 119 F.3d 349, 354 (5th Cir.1997).

**2.** 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

left undisturbed other actions between and among Foxglove, Andrews Davis, and several principals of the debtor companies. Ultimately, the Agreement was to result in a 60% distribution to all creditors of the MALI estate.

On June 21, 2005, on the eve of the hearing on the Motion, Foxglove moved to strike Andrews Davis' objection to the trustee's Motion, attacking Andrews Davis' standing because its unsecured claim had previously been disallowed ("Motion to Strike"). On June 22 and 23, 2005, the bankruptcy court conducted a hearing on the trustee's Motion. Andrews Davis was permitted to participate in the hearing, presenting testimony, exhibits, and argument in opposition to the approval of the settlement.[3]

On October 12, 2005, the bankruptcy court announced its decision to approve the trustee's Motion. Subsequently, the court entered its Order on October 14, 2005. Andrews Davis appeals from this order.

## III. *Discussion*

### A. **Standard of Review**

■■■ We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo.[4] The approval of a compromise is within the sound discretion of the bankruptcy court and is reviewed for an abuse of discretion.[5] Under the abuse of discretion standard, the appellate court will not disturb the trial court's decision unless it has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice.[6]

■■■ The jurisdiction of the bankruptcy court is a question of law reviewed de novo.[7] Standing is also a question of law that is reviewed de novo.[8]

### B. **Standing**

■■■ Appellees contend that Andrews Davis lacked standing to participate in the hearing on the Motion and thus to present this appeal. Andrews Davis argues that the appellees waived the standing issue when Foxglove withdrew its Motion to Strike. Whether appellees waived the standing issue below or not, this Court has an independent obligation to review Andrews Davis' standing as a jurisdictional prerequisite.[9] We have "an independent duty to inquire into [our] jurisdiction over

---

**3.** At the end of closing arguments, Foxglove withdrew the Motion to Strike. Foxglove was concerned the bankruptcy court would withhold its ruling on the trustee's Motion to compromise in order to allow Andrews Davis time to file a written response to the Motion to Strike and sought to remove any impediment to the bankruptcy court ruling on the Motion to compromise. Foxglove, however, expressly reserved its claim that Andrews Davis was not a creditor and did not have standing to object. Transcript of Hearing at 34–35, *in* Appellant's Appendix at 1183–84.

**4.** *See Sender v. Johnson (In re Hedged–Inv. Assocs., Inc.),* 84 F.3d 1267, 1268 (10th Cir. 1996); *Bartmann v. Maverick Tube Corp.,* 853 F.2d 1540, 1543 (10th Cir.1988).

**5.** *In re Kopexa Realty Venture Co.,* 213 B.R. 1020, 1022 (10th Cir. BAP 1997).

**6.** *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994).

**7.** *In re Courtesy Inns, Ltd., Inc.,* 40 F.3d 1084, 1085 (10th Cir.1994).

**8.** *In re Kaiser Steel Corp.,* 998 F.2d 783, 788 (10th Cir.1993).

**9.** *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.").

a dispute, even where neither party contests it and the parties are prepared to concede it."[10] Thus, the issue of standing is squarely before this Court despite the withdrawal of Foxglove's Motion to Strike.

In determining that the compromise should be approved, the bankruptcy court held that Andrews Davis lacked standing to object to it. It based its ruling on three premises. Holding that a party in interest is one with a legally protected interest in the outcome of a controversy, the bankruptcy court first concluded that Andrews Davis was not a party to the settlement. Second, because Andrews Davis' claims had been disallowed, Andrews Davis no longer had standing as a creditor of the estates. Third, because the Agreement merely stated it did not disturb the litigation pending between Foxglove and Andrews Davis, none of Andrews Davis' rights or liabilities in that discrete controversy would be affected by the Agreement's approval. Accordingly, the court concluded that Andrews Davis lacked a legally protected interest in the controversy over the compromise and therefore lacked standing to object to the compromise.

█ Andrews Davis rejoins that it is still a creditor with standing to object to the compromise notwithstanding the disallowance of its claim, because its debt will survive discharge. This may be so, but it is beside the point here. The flaw in

Andrews Davis' reasoning is that it is its lack of a distribution right that deprives it of standing to object to the compromise. Moreover, Andrews Davis relies on questionable authority in support of its "still a creditor" argument. Cases about a creditor's right to file a tort action,[11] a creditor's right to file a motion to dismiss[12] or a creditor's right to file a complaint to determine dischargeability[13] bear lightly, if at all, on the issue at hand. For instance, in *Official Committee of Asbestos Claimants of G–I Holding, Inc. v. Heyman,* the court discussed the effect of failing to file a claim.[14] There, a committee brought a mass tort action and the defendant argued that the lack of an "actual creditor" in the class barred the action. The defendant argued that as none of the complainants had filed a proof of claim, the committee had no actual standing. The District Court held that the fact that none of the tort claimants had filed a proof of claim only precluded them from receiving a distribution, not from actual standing as tort claimants. In addition, many of these claimants had not discovered their latent injuries until after the claims bar date had run.[15] Thus, *Heyman* does not stand for the proposition implied by Andrews Davis.

True, Andrews Davis was scheduled as a creditor at the time of MALI's Chapter 11 filing. As such, Andrews Davis' claim was deemed filed under 11 U.S.C. § 1111(a). Section 502(a) provides that a filed claim is

10. *In re Am. Ready Mix, Inc.,* 14 F.3d 1497, 1499 (10th Cir.1994).

11. *Official Comm. of Asbestos Claimants of G–I Holding, Inc. v. Heyman,* 277 B.R. 20, 33–35 (S.D.N.Y.2002).

12. *In re Wells,* 227 B.R. 553 (Bankr.M.D.Fla. 1998) and *In re Stamford Color Photo,* 105 B.R. 204 (Bankr.D.Conn.1989) (each holding that failure to file proof of claim does not eliminate creditor's right to move to dismiss Chapter 11 case).

13. *Hunn v. Hunn (In re Hunn),* 49 B.R. 430 (Bankr.M.D.Fla.1985) (Ex-spouse with contingent liability to other creditor was creditor with standing to take exception to debtor's discharge).

14. *Heyman,* 277 B.R. at 33–34.

15. *Id.* at 34.

"deemed allowed," and as such, while MALI was a Chapter 11 debtor, unless and until the debtor or another interested party objected to Andrews Davis' claim, it was allowed. Once the case was converted to a Chapter 7 liquidation, however, a new claims bar date was required to be established under Federal Rule of Bankruptcy Procedure 1019(2) and only claims "actually filed" in the Chapter 11 case are deemed filed in the converted case.[16] Here, Andrews Davis filed claims for considerably less than the amount scheduled in the MALI filing. The trustee successfully objected to Andrews Davis' claims.

Once the claims were disallowed, Andrews Davis had no distribution interest in the estate. Even if Andrews Davis' debt somehow survived this process, Andrews Davis is not entitled to receive a distribution as a creditor in the MALI case. Thus, when Andrews Davis claims were disallowed, it lost any pecuniary interest it may have had in the case.

That said, was Andrews Davis otherwise adversely affected by the settlement? We agree with the bankruptcy court's conclusion that it was not. The settlement effected five things: (1) it gave Foxglove an unsecured claim of $2.5 million; (2) dismissal of the summary judgment appeal; (3) release of all claims or potential claims of the trustee against Foxglove and the Salyers; (4) it affirmed Foxglove's rights and interest in the Moon policy; and (5) a 60% distribution to all creditors of the MALI estate. The parties reserved and excepted from the scope of the agreement any other claims, actions or demands against any parties including Andrews Davis.

The Agreement cannot be said to preclude an issue or predispose a result in the Foxglove–Andrews Davis litigation. It merely preserves that litigation for determination in another forum as the Foxglove parties deem appropriate and to the extent they can convince another court of their action's validity. As such, we cannot determine that Andrews Davis was a party adversely affected by the Agreement.

Being neither a party to the Agreement, a creditor, nor adversely effected by the Agreement, Andrews Davis lacked standing to object to its approval. The bankruptcy court's conclusion in that regard should be affirmed.

Andrews Davis also raises issues concerning the bankruptcy court's jurisdiction, the adequacy of the notice given by the trustee of the proposed compromise, and the sufficiency of the bankruptcy court's analysis of the substance of the settlement. All of these issues are fully dealt with by this Court in BAP Appeal No. WO–05–116. We adopt that analysis and need not address them further here.

## IV. *Conclusion*

Because Andrews Davis lacks standing to object to the Agreement and for the reasons set forth in the Opinion in BAP Appeal No. WO–05–116, we AFFIRM the order of the bankruptcy court.

---

**16.** Fed. R. Bank. P. 1019(3).