NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0566n.06

No. 20-3300

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Oct 06, 2020
DEBORAH S. HUNT, Clerk

In re: JEFFREY A. FELIX, et al.,          )

    Debtors.                          )

_____  )

                                         )

ZIPKIN WHITING, CO., LPA,        )

    Appellant,                     )

    v.                                )

ROBERT DOUGLAS BARR, Chapter 7    )
Trustee,                                )

    Appellee.                      )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

**BEFORE: GUY, CLAY, and KETHLEDGE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge**. The bankruptcy court approved the Chapter 7 Trustee's compromise of the Debtors' pre-petition lawsuits for a sum of $33,300. The only issue before us is whether Zipkin Whiting Co., LPA, the Debtors' pre-petition counsel in those lawsuits, was a party that had standing to object to the Trustee's proposed compromise. The bankruptcy court concluded that Zipkin Whiting was not such a party, and the district court agreed. Having considered the arguments presented on appeal, we affirm.

**I.**

Jeffrey and Stacy Felix filed a Chapter 7 bankruptcy petition in October 2018. At that time, the Felixes were the plaintiffs in two long-running consolidated Ohio state court actions alleging

individual and putative class claims against Ganley Chevrolet, Inc., and Ganley Management Company for violations of the Ohio Consumer Sales Practices Act, *see* Ohio Rev. Code § 1345.09. That litigation—commenced 17 years earlier and the subject of two appeals—was back in the trial court after the Ohio Supreme Court vacated the order granting class certification and remanded for further proceedings. *See Felix v. Ganley Chevrolet, Inc.*, 49 N.E.3d 1224, 1234 (Ohio 2015). There is no dispute that those claims became property of the bankruptcy estate once the Felixes filed their bankruptcy petition. *See* 11 U.S.C. § 541(a)(1); *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542 (6th Cir. 1989).

Zipkin Whiting represented the Felixes pre-petition pursuant to a contingency fee agreement with the firm's apparent predecessor (Zipkin, Fink & Whiting). That agreement, however, was an executory contract that was deemed rejected by operation of 11 U.S.C. § 365(d)(1) ("[I]f the trustee [in a Chapter 7 case] does not assume or reject an executory contract . . . within 60 days after the order for relief . . . then such contract . . . is deemed rejected."). That rejection permitted Zipkin Whiting to file a proof of claim, but it did not. *See* 11 U.S.C. §§ 365(g) and 502(g); *In re Richendollar*, No. 04-70774, 2007 WL 1039065, at *7 (Bankr. N.D. Ohio Mar. 31, 2007). Nor was Zipkin Whiting otherwise retained to represent the Trustee post-petition with respect to the pending claims.

Chapter 7 Trustee Robert Barr was obligated to "collect and reduce to money the property of the estate" and "close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). As it turned out, the primary asset in the estate was the pending litigation and the claims made against it totaled approximately $115,000. The Trustee testified that he undertook an assessment of the claims, communicated with Zipkin Whiting concerning the Debtors' desire to pursue the claims, and discussed settlement with counsel for the

Ganley entities. In April 2019, with a settlement offer in hand, the Trustee filed a motion seeking the bankruptcy court's approval pursuant to Bankruptcy Rule 9019. FED. R. BANKR. P. 9019(a) ("On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.").

Objections were filed by Zipkin Whiting—on behalf of the Debtors as well as itself—and the Trustee supplemented the motion twice to incorporate modifications to the proposed compromise. During an evidentiary hearing on the motion in September 2019, the bankruptcy court rejected the Debtors' request that the Trustee abandon the claims, agreed with Zipkin Whiting that the Ganley entities had no standing to argue in support of the compromise, but also found sua sponte that Zipkin Whiting did not have standing to object to the compromise either. (Bankr. R. 104, pp. 63-76, 80-81.) Striking Zipkin Whiting's objection and addressing the merits of the Trustee's uncontested motion, the bankruptcy judge approved the compromise of the claims for the sum of $33,300. A stay pending appeal was denied, although the funds have yet to be distributed. The district court found the bankruptcy court had not erred in striking Zipkin Whiting's objection. This appeal followed.

**II.**

This court examines the bankruptcy court's decision directly, reviewing its legal conclusions de novo and its factual findings for clear error. *Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 319 (6th Cir. 2006); *see also Zingale v. Rabin (In re Zingale)*, 693 F.3d 704, 707 (6th Cir. 2012). Here, as in the district court, Zipkin Whiting has not challenged

the merits of the compromise—only the bankruptcy judge's determination that it was not a "party in interest" with standing to object to it.[1]

The term "party in interest" is not defined by the Bankruptcy Code or Rules, although it is used throughout both. Absent a precise or universal definition, the meaning of "party in interest" depends on the context in which it is used. *See, e.g.*, *Jahn v. Burke (In re Burke)*, 863 F.3d 521, 526 (6th Cir. 2017) (citing *In re Morton*, 298 B.R. 301, 307 (B.A.P. 6th Cir. 2003)); *In re Rice*, 462 B.R. 651, 656 (B.A.P. 6th Cir. 2011). The definition endorsed in *In re Morton* describes the term "party in interest" as "an expandable concept depending on the particular factual context in which it is applied," such as a party that "has an actual pecuniary interest," one "who has a practical stake in the outcome," or "those who will be impacted in any significant way" by the matter. 298 B.R. at 307 (quoting *In re Cowan*, 235 B.R. 912 (Bankr. W.D. Mo. 1999) (citations omitted)).

Although Bankruptcy Rule 9019(a) does not refer directly to parties in interest, it does provide that notice "shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in [Bankruptcy] Rule 2002 and to any other entity as the court may direct." Rule 2002, in turn, provides for notice to parties in interest of a hearing on the approval of a compromise or settlement. *See* FED. R. BANKR. P. 2002(a)(3). The purpose of Rule 9019's notice provision is to give interested parties an opportunity to be heard. Zipkin Whiting cared about the litigation that it had prosecuted for some 17 years—the question is whether it had any actual

---

[1] This appeal does not implicate the more problematic question of whether bankruptcy appellate standing may be more limited than Article III standing given the Supreme Court's rejection of the term "prudential standing" in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). *See In re Capital Contracting Co.*, 924 F.3d 890, 896-97 (6th Cir. 2019) ("Our court has yet to consider *Lexmark*'s effect, if any, on the person-aggrieved test governing prudential standing in bankruptcy appeals.").

pecuniary interest, a practical stake in its own right, or would be impacted in any significant way by the Trustee's settlement of the claims against the Ganley entities. That answer has to be no.

Asserting a practical stake in the outcome, Zipkin Whiting contends that if its objection were sustained it "would get to continue representing the Felixes in state court against Ganley Chevrolet and Ganley Management Company." (Appt Br. p. 8.) But that is plainly not the case because the claims no longer belonged to the Felixes. Nor was Zipkin Whiting retained to represent the Trustee with respect to those claims even if the compromise was not approved.

Alternatively, Zipkin Whiting claims a pecuniary interest in the settlement because it would share 50% in any recovery pursuant to the contingency fee agreement. That might have been true if the fee agreement had been assumed—but it was not. And, as the Trustee points out, Zipkin Whiting had no valid attorney's charging lien under Ohio law because no fund existed pre-petition. *In re Richendollar*, 2007 WL 1039065, at *7; *see also Kisling, Nestico & Redick, LLC v. Progressive Max Ins. Co.*, 143 N.E.3d 495, 497, 499 (Ohio 2020); *Corzin v. Decker, Vonau, Sybert & Lackey, Co., LPA (In re Simms Constr. Svcs. Co.)*, 311 B.R. 479, 484 (B.A.P. 6th Cir. 2004).

Finally, Zipkin Whiting argues that it is a party in interest with respect to the compromise because it provided pre-petition legal services to the Felixes pursuant to the contingency fee agreement (*i.e.*, 1500 hours and $8,000 in costs). Under Ohio law, an attorney whose services under a contingent fee agreement are discharged may pursue recovery on a theory of quantum meruit. *See Reid, Johnson, Downes, Andrachik & Webster v. Lansberry*, 629 N.E.2d 431, 434 (Ohio 1994). Zipkin Whiting could have filed a proof of claim to pursue recovery for its pre-petition legal services, but it did not. *In re Nelson*, 206 B.R. 869, 879 (Bankr. N.D. Ohio 1997); 11 U.S.C. § 101(5) (defining "claim" as a "right to payment" or "right to an equitable remedy for breach of performance" whether or not such right is "reduced to judgment, liquidated,

unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"). As a result, any interest Zipkin Whiting may have had for pre-petition legal services is unaffected by the Trustee's settlement of the underlying claims because it asserted no right to distribution from the bankruptcy estate. *See, e.g.*, *Andrews Davis Law Firm v. Loyd (In re S. Medical Arts Cos.)*, 343 B.R. 258, 262 (B.A.P. 10th Cir. 2006) ("The flaw in [the law firm's] reasoning is that it is its lack of a distribution right that deprives it of standing to object to the compromise.").

\*      \*      \*

The bankruptcy court's order granting the Trustee's motion to approve the compromise is **AFFIRMED**.