**In the Matter of RALPH MARCANTONI & SONS, INC., (Debtor).**

**Civ. No. Y–86–997.**

United States District Court, D. Maryland.

May 28, 1986.

Emil Hirsch, Washington, D.C. for plaintiff.

Alan M. Grochal, Baltimore, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This is an appeal from the Bankruptcy Court's decision approving an application seeking interim compensation for attorneys. Appellant is the debtor, Ralph Marcantoni and Sons, Inc. ("Marcantoni"), which objected to the amount of compensation requested by its former attorneys as unreasonable and excessive, in light of the types of services rendered and the results achieved. Marcantoni argues that the Bankruptcy Court violated due process requirements by precluding Marcantoni from offering testimony, applying an improper legal standard, and making a finding that was clearly erroneous.

Marcantoni is a highway and utility contractor, whose work consists primarily of construction for municipalities. It has been operating since 1962. On October 15, 1984, Marcantoni filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Marcantoni was represented by the law firm of Melnicove, Kaufman, Weiner, Smouse & Garbis, P.A. ("Melnicove") from the commencement of the Chapter 11 case through approximately May 29, 1985, at which time the Bankruptcy Court authorized the retention of Lerch, Early, Roseman and Frankel ("Lerch, Early") as new counsel for Marcantoni.

Upon being replaced, Melnicove filed its application for interim compensation in the amount of $9,651.50 plus reimbursement of out-of-pocket expenses in the amount of $685.63. Marcantoni's new counsel filed an objection to the application on behalf of Marcantoni, and a hearing was held before the Bankruptcy Court on December 23, 1985 to resolve the issue of the reasonableness of the attorneys fees.[1] The procedures, and legal burdens and standards utilized in that hearing are the basis of this appeal.

1. A supplemental application for additional compensation in the amount of $493.00 for attorneys fees and $36.32 for reimbursement of out-of-pocket expenses was filed shortly before the hearing.

LEGAL STANDARD

The allowance of attorneys fees is within the judge's discretion, and the only role of the reviewing court is to determine whether that discretion was abused. The Bankruptcy Court must scrutinize the reasonableness of a fee application by considering twelve factors.[2] *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir.1978), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330; *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The factor in controversy in this case is, "the amount in controversy and the results obtained." *Barber*, 577 F.2d at 226.

 Marcantoni contends that the Bankruptcy Court failed to consider either the totality of the Johnson factors, or the specific issue of the "results obtained," and in doing so the Court abused its discretion. From a review of the transcripts, it is evident that the hearing on the issue was brief. The formal objection stated that the essence of the dispute was the "results obtained." Through the explicit narrowing of the issues and the disputed facts, it was unnecessary for the Court to make a precise factual finding regarding each of the other eleven factors. For all practical purposes, Marcantoni had stipulated to the reasonableness of the fees under those factors. Although the Court has a duty to examine the reasonableness of attorneys fees even in the absence of any objections, *see In Re B & W Tractor Co., Inc.*, 38 B.R. 613, 616–17 (E.D.N.C.1984), where knowledgeable parties file objections and narrow the issues, there is no need for the Court to make explicit factual findings on each of the twelve factors. Thus, the Court committed no error in allowing the issues to be narrowed to those contested.

 The Court concluded after oral argument that during the eight months of representation, Melnicove rendered "substantial services" to the debtor and that the fee was "eminently reasonable" (Tr. 9, 10). The Court had the opportunity to consider the substance of Marcantoni's objection, which was that after eight months of representation, no reorganization plan had been filed, or even formulated. But the Court indicated that this was not an appropriate basis for cutting the fee request in the context of this case, which was a "substantial Chapter 11 case ... (involving) a substantial volume of business" (Tr. 9). Thus, although the language of the finding could have been more precise, the Court did make a finding as to the disputed *Johnson* factor, and did not apply an erroneous legal standard.

 Marcantoni also suggests that the burden of persuasion was shifted improperly from Melnicove to Marcantoni. At all times, the burden of persuasion remains with the applicant, even though the burden of production shifts to the objector after the applicant has presented a *prima facie* case. *In Re Friedman*, 436 F.Supp. 234, 237 (D.Md.1977); *In Re Record Club of America, Inc.*, 30 B.R. 418, 421 (M.D.Pa. 1983) (citing *Whitney v. Dresser*, 200 U.S. 532, 534–35, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1906)). There is no indication that the Court did not properly apply the burdens. To the contrary, one of the first statements of the Court was, "perhaps I should hear from the applicant first since the applicant has some obvious burden to indicate to me the reasonableness of the request." In absence of a clear indication that the burden was improperly shifted at a later point, this Court will presume that the Bankruptcy Court applied the burden as stated.

DUE PROCESS

 Marcantoni contends that there was a due process denial when the Court re-

---

**2.** These include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

fused to hear testimony in support of the objection to the fee application. Although there was no factual dispute about the hours which Melnicove had recorded as time spent on Marcantoni's case, Marcantoni wished to present evidence in support of the contention that the fees were excessive because no results were obtained.

Due process in a judicial proceeding requires the opportunity to be heard at a meaningful time in a meaningful manner. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972); *Jackson v. DeSoto Parish School Board,* 585 F.2d 726 (5th Cir.1978); *Satterfield v. Edenton-Chowan Board of Education,* 530 F.2d 567 (4th Cir.1975); *Techem Chemical Co., Ltd. v. M/T Choyo Maru,* 416 F.Supp. 960, 968 (D.Md.1976). It is a flexible concept and each situation must be evaluated within its context. Under the Bankruptcy Rules, it is clear that a hearing is required before attorneys fees are awarded, yet there are few guidelines as to the content of that hearing. 11 U.S.C. §§ 330(a), 503. The meaningful opportunity to be heard usually encompasses the opportunity to present testimony as well as other forms of evidence lending support to an argument, and there is no reason that this general rule should not apply to an adjudicative proceeding in Bankruptcy Court. In fact, this District has held that the Bankruptcy Rules anticipate that upon objection to a claim, a hearing will be held and evidence will be presented before there is a factual finding as to the validity of the claim. *In Re Friedman,* 436 F.Supp. 234 (D.Md.1977). *See also In Re Bel Air Assoc., Ltd.,* 706 F.2d 301, 304 n. 8 (10th Cir.1983) (because bankruptcy court had conducted full evidentiary hearing, no need to repeat in district court); *Greylock Glen Corp. v. Community Savings Bank,* 656 F.2d 1 (1st Cir.1981); *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977),

*cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388.

The Bankruptcy Court allowed Marcantoni and the applicant ample time to present oral arguments in support of their positions, yet cut off any attempt to produce testimony.[3] A party need not be allowed to continue endlessly for a proceeding to be meaningful, yet the opportunity to fully present the case—including testimony which the party deems important—is an important component of a meaningful opportunity to be heard. Thus, the Court erred in terminating the proceeding before evidence could be presented.

This Court fails to see any actual prejudice resulting from that error, however, and concludes that it was harmless. Marcantoni was attacking the reasonableness of the fees because of the "amount in controversy and the results obtained." But the dollar amount charged vis-a-vis the time the attorney spent working on the case was not challenged, nor was the amount of logged time contested. Instead, the essence of the complaint was that the reorganization plan had not yet been formulated. It was acknowledged that the case was less than a year old, was complex due to the size and nature of the business, and that it was a Chapter 11 filing rather than a simple Chapter 7 matter. From the context of the situation, the evidence of the lack of results was relevant and should have been admitted, yet standing alone did not state a sufficient objection to justify the cutting of fees for time indisputably spent preparing the case. Thus, it is clear that no actual prejudice resulted from the excessively summary nature of the hearing.

Finally, in light of the previous comments, it is evident that the Bankruptcy Court's findings were not clearly erroneous, as Marcantoni contends, and that the Bankruptcy Court's findings will be accorded proper deference. *Melichar v. Ost,* 661

---

3. Mr. Hirsch: I understand your Honor's ruling and your feeling about the reasonableness of the services, however my client who is sitting here tells me that he would like to testify about the basis—

The Court: Well, I'm afraid I'm not going to entertain that testimony at this point. (Tr. 12).

F.2d 300 (4th Cir.1981), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 442.

Accordingly, the judgment of the Bankruptcy Court will be affirmed.