In re Darwin E. WHITE.

Darwin E. WHITE

v.

UNITED STATES of America.

No. 93–50382(ASD).
Civ. No. 3:94CV2202 (AHN).

United States District Court,
D. Connecticut.

Feb. 15, 1995.

Darwin E. White, Seymour, CT, pro se.

John Cardone, U.S. Dept. of Justice, Tax Div., Washington, DC, for the U.S.

### RULING ON APPEAL FROM BANKRUPTCY ORDER

NEVAS, District Judge.

■ The debtor-appellant, Darwin E. White ("White"), brings this appeal *pro se* from orders of the U.S. Bankruptcy Court for the District of Connecticut.[1] White first contends that the bankruptcy court erroneously overruled his objection to the Internal Revenue Service's (the "IRS") proof of claim, (*see* Mem. and Order Obj. Proof Cl. [doc. # 24] [hereinafter "Memorandum and Order"] ), and then improperly denied his motion to reconsider its Memorandum and Order (*See* Order dated October 21, 1994 [doc. # 35] [hereinafter the "October Order"].) White also asserts that the bankruptcy court improperly dismissed his Chapter 13 case (*See* Order Dismissing Debtor's Chapter 13 Case [doc. # 37].)

For the reasons that follow, White's appeal of the bankruptcy court's ruling on the IRS's proof of claim is DISMISSED as untimely. The order of the bankruptcy court dismissing White's Chapter 13 case, however, is VACATED and REMANDED with instructions.

### FACTS

On February 3, 1993, White filed a Chapter 13 petition. On March 4, 1993, the IRS filed a proof of claim for federal income taxes for the years 1981 and 1986 through 1992.

---

1. White states that "[t]his is an appeal of the Court's order of November 14, 1994." (Notice of Appeal and Leave to Appeal Order of Dismissal at 1 [doc. # 1].) The order to which he refers dismissed White's Chapter 13 case. In his notice of appeal, however, White requests that the court review whether the Bankruptcy Court properly overruled his objection to the IRS's proof of claim, (*see id.* at 2.), a ruling which was issued in June 1994. Further, White addresses both the proof of claim ruling and the Chapter 13 ruling in his brief. (*See* Br. for Appellant [doc. # 6] ). The United States also addresses both issues in

its brief. (*See* Br. of Appellee United States of America at 1–5 [doc. # 7].)

While White did not properly designate the judgment or order from which he appealed, this flaw in his notice of appeal is not fatal to his appeal. *See* Rule 8001(a); *In re Cascade Roads, Inc.,* 34 F.3d 756, 761 (9th Cir.1994). Because " 'it is apparent that [White] intends to appeal from an ... order not specified in [his] notice of appeal, and the parties have fully briefed the merits of such an order,' " *Cascade,* 34 F.3d at 761 (citations omitted), the court will review the appeal.

On March 18, 1993, White filed an objection to the IRS's proof of claim.

On June 23, 1994, the bankruptcy court issued a Memorandum and Order overruling White's objection to the IRS proof of claim and allowing the IRS a claim in the amount of $255,062.79 for White's federal income tax liability for the years 1981 and 1986 through 1992. *See In re White*, 168 B.R. 825, 836 (Bankr.D.Conn.1994).

On July 18, 1994, White filed a motion to vacate the June Memorandum and Order. On October 21, 1994, the bankruptcy court issued an order denying White's "Motion for Reconsideration." (*See* Order [doc. # 35].)

On November 14, 1994, the bankruptcy court dismissed White's Chapter 13 case. (*See* Order Dismissing Debtor's Chapter 13 Case [doc. # 37].) White filed notice of appeal on November 23, 1994.[2]

## STANDARD OF REVIEW

A district court has jurisdiction to hear appeals of final bankruptcy orders pursuant to 28 U.S.C. § 158(a) (1988). In exercising its appellate jurisdiction, the court reviews the Bankruptcy Court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988–89 (2d Cir.1990), *cert. denied,* 502 U.S. 808, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991). On appeal, a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Rule 8013, Bankr.R.

## DISCUSSION

The court first addresses the issue of whether it has jurisdiction to hear White's appeal from the bankruptcy court's ruling denying his objection to the IRS's proof of claim. The United States argues that White's appeal of this ruling is untimely. The court agrees.

A district court has jurisdiction to hear an appeal from a final judgment, order, and decree of a bankruptcy court pursuant to 28 U.S.C. § 158(a). To appeal from a bankruptcy court's final order, a party must file a notice of appeal with the clerk of the bankruptcy court, *see* Rule 8001, within ten days of the entry of the judgment, order, or decree from which the party seeks to appeal. *See* Rule 8002. This ten day period is jurisdictional and a party's failure to file a timely notice of appeal deprives a district court of jurisdiction to review a bankruptcy court's final order. *See In re Universal Minerals, Inc.*, 755 F.2d 309, 311–12 (3d Cir.1985); *In re Satellite Sys. Corp.*, 73 B.R. 610, 611 (S.D.N.Y.1987).

Under section 158(a), an order is "final" if " 'it ... resolve[s] and terminate[s] some aspect of the proceedings and irrevocably decide[s] the rights of any party or a dispositive issue of law.' " *In re Neuman,* 81 B.R. 796, 799 (S.D.N.Y.1988) (citations omitted); *see also In re Woodson Co.,* 813 F.2d 266, 269 (9th Cir.1987) (" '[O]ne thing seems clear: certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right.' ") (citation omitted).

The court finds that the bankruptcy court's denial of White's motion to reconsider its Memorandum and Order on October 21, 1994 constituted a final order.[3] *See, e.g., In*

---

**2.** *See supra* note 1.

**3.** The parties dispute whether the bankruptcy court denied a motion for reconsideration or a motion to vacate. White argues that the bankruptcy court denied his motion for reconsideration of the Memorandum and Order; the United States argues that the bankruptcy court denied his motion to vacate the Memorandum and Order. While the bankruptcy court clerk's docket includes an entry, dated October 21, 1994 and designated number 35, stating that the bankruptcy court denied White's motion to vacate, (*see*

Docket No. 35), the order itself (*see* Order [doc. # 35] ) states that the court denied "the debtor's Motion for Reconsideration." (*See id.*) Because the bankruptcy court clerk has certified that the order denying White's "Motion for Reconsideration" is a true and correct copy of the original on file in the Office of the Clerk, this court will adopt White's position and decide whether the order denying White's motion for reconsideration was a "final order" under section 158(a).

The court notes, however, that a denial of a motion to vacate also constitutes a "final order."

*re Lathrop,* 1990 WL 105820, at *2 (N.D.Ill. July 12, 1990) (holding that bankruptcy court's denial of motion to reconsider constituted "final order" for purpose of section 158(a)). By that ruling, the bankruptcy court determined that the IRS had a legal claim against White in the amount of $255,-062.79 for White's federal income tax liability for the years 1981 and 1986 through 1992. It thus terminated that aspect of the Chapter 13 proceeding and fixed the rights and obligations of the IRS and White.

Because the October Order constituted a final order concerning the proof of claim filed by the IRS, White's right to appeal the bankruptcy court's ruling denying his objection to the proof of claim began to run on October 21, 1994. He did not file a notice of appeal until November 23, 1994, well beyond the ten day period prescribed in Rule 8002.[4] Consequently, this court lacks jurisdiction to hear his appeal from the bankruptcy court's ruling denying his objection to the IRS's proof of claim. Accordingly, White's appeal of the bankruptcy court's ruling on the IRS's proof of claim is DISMISSED.

■ Because the court has dismissed White's appeal of the bankruptcy court's order regarding the IRS's proof of claim, the remaining question before the court is whether the bankruptcy court properly dismissed his Chapter 13 case.[5] (*See* Order Dismissing Debtor's Chapter 13 Case.) Given the existing record, however, the court cannot answer this question.

Under section 109(e) of the Bankruptcy Code, "only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under chapter

13 of this title." 11 U.S.C. § 109(e) (1988); *see In re Dally,* 110 B.R. 630, 631 (Bankr. D.Conn.1990).

■ Here, the bankruptcy court dismissed White's Chapter 13 case without articulating its reasons for ruling as it did. (*See id.*) It made no findings concerning the amount of noncontingent, liquidated, unsecured debts that White owed on the date of the filing of his petition. Further, the court cannot ascertain from the record the basis for the bankruptcy court's decision. Accordingly, the court will vacate the bankruptcy court's ruling dismissing White's Chapter 13 petition and remand the case to the bankruptcy court for the limited purpose of making factual findings concerning the amount of noncontingent, liquidated, unsecured debts that White owed on the date of the filing of his petition and of determining whether White is eligible for Chapter 13 debtor status based on those findings.[6] *See, e.g., In re Morrissey,* 717 F.2d 100, 103 (3d Cir.1983); *In re Hassler,* 53 B.R. 453, 456 (D.Del.1985).

## CONCLUSION

Based on the foregoing, the debtor's appeal [doc. # 1] of the bankruptcy court's Memorandum and Order dated June 23, 1994 and its Order dated October 21, 1994 is DISMISSED IN PART as untimely and the order of the bankruptcy court dismissing the debtor's Chapter 13 case is VACATED and REMANDED with instructions. The bankruptcy court is instructed to make findings concerning the amount of noncontingent, liquidated, unsecured debts that White owed on the date of the filing of his petition and then to determine whether White is eligible for

*See, e.g., In re Mason,* 709 F.2d 1313, 1318 (9th Cir.1983).

4. White neither filed a request for an extension within the initial ten day period nor made a showing of excusable neglect entitling him to request an extension within the thirty day period following entry of the bankruptcy court's order. *See* Rule 8002(c).

5. The bankruptcy court's order dismissing White's Chapter 13 case is a "final order" under

section 158(a). *See, e.g., In re Rebeor,* 89 B.R. 314, 320 (N.D.N.Y.1988). Consequently, this court has jurisdiction to hear White's appeal of that order.

6. Because the parties have briefed the question and the bankruptcy court already has heard oral argument on the issue, it is likely that the bankruptcy court can make such findings without further proceedings.

Chapter 13 debtor status based on those findings.

SO ORDERED.