ELECTRONIC CITATION:  2003 FED App. 0003P (6th Cir.)
File Name:  03b0003p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:  KERRI ELIZABETH MORTON, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RICHARD WAYNE MORTON, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 02-8061 |
| | ) | |
| KERRI ELIZABETH MORTON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Canton.
No. 01-64345.

Argued: August 6, 2003

Decided and Filed:  September 12, 2003

Before: AUG, HOWARD, and LATTA, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Morris H. Laatsch, Akron, Ohio, for Appellant.  Jeffrey H. Weltman, WELTMAN, REGAS & HAAG, Canton, Ohio, for Appellee. **ON BRIEF:** Morris H. Laatsch, Akron, Ohio, for Appellant.   Jeffrey H. Weltman, WELTMAN, REGAS & HAAG, Canton, Ohio, for Appellee.

_____

## OPINION

_____

J. VINCENT AUG, JR., Bankruptcy Appellate Panel Judge. Debtor, Kerri Elizabeth Morton, appeals the bankruptcy court's order overruling her objection to several proofs of claim ("Objection") filed in a chapter 13 case originally filed on behalf of Debtor and her then husband, Richard Wayne Morton ("Morton"). The bankruptcy court overruled Debtor's Objection on the basis of a response filed by Morton who was at the time estranged from Debtor and had been dismissed from the case. The Debtor asserts that Morton did not have standing to file a response and that the bankruptcy court failed to provide her with an opportunity to present evidence prior to ruling on her Objection.

## I.   ISSUES ON APPEAL

1.     Whether the bankruptcy court erred in finding that Morton has standing so as to be entitled to notice and an opportunity to respond to Debtor's Objection.

2.     Whether the bankruptcy court erred when it failed to provide Debtor with an opportunity to present evidence prior to ruling on her Objection.

3.     Whether the bankruptcy court erred in overruling Debtor's Objection to Claims No. 2, 4, 6, 8 and 9.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A "final" order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1484, 1497 (1989) (internal quotations and citations omitted). The bankruptcy court's order overruling Debtor's objections to claims is a final order. *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir.1998); *White v. United States (In re White)*, 183 B.R. 356 (D. Conn. 1995).

This Panel reviews the bankruptcy court's findings of fact for clear error. Fed. R. Bankr. P. 8013; *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540 (6th Cir. 1985). "[A] finding is 'clearly erroneous' 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504 (1985) (citation omitted). The Panel reviews the bankruptcy court's conclusions of law de novo. *See, e.g., Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997), *aff'd*, 201 F.3d 693, 696 n.1 (6th Cir. 1999).

## III.  FACTS

On April 18, 2000, a joint chapter 13 petition was filed in Case No. 00-61226 on behalf of Kerri Elizabeth Morton and her then husband, Richard Wayne Morton. The plan was approved on August 9, 2000.

In September 2001, the chapter 13 trustee filed a motion to convert the case to one under chapter 7. The basis of the motion was that the Debtor had forged her husband's name to the petition and that Morton was unaware that a bankruptcy petition had been filed on his behalf.

In light of the conflicts, bankruptcy counsel moved to withdraw and the motion was granted. Thereafter, separate appearances were entered for the Debtor and Morton and on motion by Morton, the cases were severed. Morton further moved for dismissal of his case which was granted by order entered October 15, 2001. The docket further reflects that by order entered October 17, 2001, the bankruptcy court granted the trustee's motion to convert the Debtor's remaining case to one under chapter 7. Debtor's case was given a new case number of 01-64345.

On October 26, 2001, the bankruptcy court vacated its order converting Debtor's case to one under chapter 7 and the Debtor entered into a Stipulated Order settling the chapter 13 trustee's motion to dismiss or convert her case. The parties to the Stipulated Order were the Debtor, the chapter 13 trustee and the Office of the U. S. Trustee. Pursuant to the Stipulated Order, the parties agreed that the Debtor could continue her chapter 13 case provided she paid allowed unsecured creditors a 100 percent dividend and that she waive discharge in her case. The Stipulated Order was approved by the bankruptcy court on December 20, 2001.

Prior to entry of the Stipulated Order, on October 24, 2001, Debtor filed her Objection relating to the nine proofs of claim that had been filed in the joint Case No. 00-61226. Debtor served notice of the Objection on the nine affected creditors and on the chapter 13 trustee. The basis of her objection to all of the claims was that the Debtor was not contractually obligated to pay any of the debts but that Morton was the party contractually obligated to pay all of the debts.

The bankruptcy court noticed that the Debtor had not served Morton with a copy of the Objection. Therefore, on January 15, 2002, the court forwarded a copy of the Objection to Morton and his counsel along with a notice providing Morton with an opportunity to file a response. A copy of the court's notice was also served on Debtor's counsel, the chapter 13 trustee and on the Office of the U. S. Trustee. On January 31, 2002, Morton filed a response objecting to the relief sought by the Debtor. A hearing on the Objection and Morton's response was scheduled for February 20, 2002. On February 19, 2002, the Debtor filed a motion to strike Morton's response on the basis that he did not have standing.

The hearing was held as scheduled on February 20, 2002. However, since the Debtor's motion to strike was filed only one day before the hearing, neither counsel for Morton nor the bankruptcy court had an opportunity to review or be prepared for the standing issue raised in Debtor's motion to strike. No evidence was adduced at the hearing. Counsel for Morton indicated on the record that he had been advised that the hearing would most likely be treated as a pretrial and not as an evidentiary hearing. Counsel for the Debtor indicated that evidence might not be necessary if the bankruptcy court ruled favorably on the Debtor's motion to strike. Counsel for Debtor stated "[s]o I ask the Court to take it under advisement [referring to the issue of standing] and if we do need evidence, then we can come back." Seeming to agree with this suggestion, the bankruptcy court stated "Okay. Yeah, I understand your point on that, too" and took the matter of Morton's standing under advisement. (J.A. at 118.)

By a Memorandum of Decision entered August 7, 2002, the bankruptcy court determined that Morton did have standing to respond to Debtor's Objection. The bankruptcy court's decision further granted Debtor's Objection to Claims No. 1, 3, 5 and 7 on the basis that Morton is the only responsible party identified in the documentation supporting those claims. The bankruptcy court's decision further overruled Debtor's

Objection to Claims No. 2, 4, 6 and 9 on the basis that the Debtor appeared as a responsible party identified in the documentation supporting those claims and the Debtor did not present evidence to overcome the facial validity of those claims. The bankruptcy court also denied Debtor's Objection to secured Claim No. 8 on the basis that the Debtor's confirmed chapter 13 plan provided for payment of the secured claim; and therefore, the objection to Claim No. 8 was filed too late.

Debtor appeals the decision of the bankruptcy court finding that Morton had standing to respond to Debtor's Objection. She further asserts that the bankruptcy court erred in denying Debtor the opportunity to present evidence prior to making its decision overruling her Objection to Claims No. 2, 4, 6, 8 and 9.

Morton did not appeal the bankruptcy court's decision granting the Debtor's Objection to Claims No. 1, 3, 5 and 7. Therefore, review of the decision regarding those claims is not before the Panel.

## IV.    DISCUSSION

A.    <u>Standing</u>. Bankruptcy Code § 502(a) provides that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, . . . objects." Federal Rule of Bankruptcy Procedure 3007 provides that an objection to claim along with a notice of the hearing shall be served on "the claimant, the debtor . . . and the trustee."

A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(5)(A).

Finally, a "creditor" is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). An ex-spouse with contingent liability on marital debts is clearly a creditor within the meaning of 11 U.S.C. § 101(10). *See Hunn v. Hunn (In re Hunn)*, 49 B.R. 430, 430 (Bankr. M.D. Fla. 1985).

The Debtor moved to strike Morton's response to Debtor's Objection on the basis that Morton did not have standing because he was not a "party in interest." Further, Debtor argues that pursuant to Bankruptcy Rule 3007, Morton was not a claimant or creditor and Debtor was not required to serve a copy of her Objection or notice of hearing on Morton.

Debtor argues that since there were no other responses to her Objection, the bankruptcy court should have granted her request. We find, however, that the Debtor is incorrect in her assertion that Morton is not a party in interest.

Bankruptcy Rule 3005 provides:

> If a creditor has not filed a proof of claim pursuant to Rule 3002 . . ., an entity that *is or may be* liable with the debtor to that creditor, . . . may, within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) . . ., execute and file a proof of claim in the name of the creditor.

Fed. R. Bankr. P. 3005(a) (emphasis added). *See also Pension Benefit Guaranty Corp. v. White Motor Corp. (In re White Motor Corp.)*, 731 F.2d 372 (6th Cir. 1984) (PBGC's liability to same creditors as debtor made PBGC a codebtor with standing to maintain proof of claim against the debtor). In the case before the Panel, Morton *may be* liable with the Debtor to the creditors on the proofs of claim to which Debtor is asserting she is not liable. As such, where Rule 3005 gives Morton the ability to file a proof of claim on behalf of a creditor to whom he may have been liable with the Debtor, he certainly is a party in interest with standing to respond to Debtor's attempt to have such creditor's proof of claim removed.

The case law noted below also supports Morton's standing.

In analyzing 11 U.S.C. § 1109(b), the Court of Appeals for the Tenth Circuit found that the phrase "party in interest" "invites interpretation and 'is generally understood to include all persons whose pecuniary interests are, directly affected by the bankruptcy proceedings.'" *Nintendo Co. Ltd. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995) (citing *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993)). Since § 1109 is not a statute of general applicability, some courts have declined to apply it in chapter 13 cases. Other courts have, however, turned to it for guidance:

> The Code does not define the phrase 'party in interest.' While some courts have interpreted the phrase to exclude a Chapter 13 creditor who did not hold an allowed claim, we do not agree with the Debtor's extrapolation that a party in interest is limited solely to creditors. Section 1109(b), although not applicable in Chapter 13, provides guidance in determining who is a party in interest. The phrase is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings. We extend this definition to include

anyone who has an interest in the property to be administered and distributed under the Chapter 13 plan.

*In re Davis*, 239 B.R. 573, 579 (B.A.P. 10th Cir. 1999) (citations omitted). *See also In re Viencek*, 273 B.R. 354, 358 (Bankr. N.D.N.Y. 2002) (bankruptcy court found that third party servicing agency had pecuniary interest and therefore standing to object to the debtor's motion to expunge the proof of claim filed on behalf of the mortgagee).

In *In re Cowan*, 235 B.R. 912 (Bankr. W.D. Mo. 1999), the court determined that AmeriCredit, a creditor from debtor's pending chapter 7 case was not a creditor in the same debtor's pending chapter 13 case. However, AmeriCredit was a party in interest in the pending chapter 13 case because of its pecuniary interest in any amounts payable to the chapter 7 trustee out of the chapter 13 plan. As such, AmeriCredit had standing to file a motion to dismiss debtor's pending chapter 13 case.

In the case before the Panel, the bankruptcy court quoted the following language from *In re Cowan* in its analysis of the definition of "party in interest":

> [Party in interest] has been described as "an expandable concept depending on the particular factual context in which it is applied." *In re River Bend-Oxford Associates*, 114 B.R. 111, 113 (Bankr. D. Md.1990). In various contexts, a "party in interest" has been held to be one who has an actual pecuniary interest in the case, *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706 (8th Cir. 1979); anyone who has a practical stake in the outcome of a case, *In re Amatex Corporation*, 755 F.2d 1034, 1041-44 (3rd Cir. 1985); and those who will be impacted in any significant way in the case, *In re Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984).

*In re Cowan*, 235 B.R. at 915.

In this case, the Debtor contends that Morton is obligated to pay certain debts originally scheduled in their joint petition and that the Debtor is not obligated to pay those debts. Certainly, Morton has a pecuniary interest in any decision relieving the Debtor of any obligation on the debts. Permitting Morton to participate "in the case advances the goals of the Bankruptcy Code, including the equitable distribution of debtors' assets and the clarification of the rights and obligations of debtors and creditors." *In re Cowan*, 235 B.R. at 915.

As the party that may be liable for the debts, either with or without the Debtor, we find that Morton had standing to file a response to the Debtor's Objection.

B.    Opportunity to be heard.  The Debtor also asserts that the bankruptcy court erred in not permitting her to have an opportunity to present evidence to support her Objection.  We agree with the Debtor on this issue.

Under § 502(b), the court, "after notice and [a] hearing" must determine the amount of any allowed claim.  "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).

As defined in the Bankruptcy Code, "after notice and a hearing"

> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly.

11 U.S.C. § 102(1).

> The debtor has the initial burden of establishing a colorable challenge to a properly filed proof of claim; but once the debtor has met that burden, the burden of going forward shifts back to the creditor, and the creditor bears the ultimate burden of persuasion.

Keith M. Lundin, *Chapter 13 Bankruptcy, 3d Ed.* § 287.1 (2000 & Supp. 2002).

> Due process mandates that there be an opportunity for some kind of hearing before a person is finally deprived of his or her property, and that such hearing occur at a meaningful time and in a meaningful manner.  The contours of due process are flexible, however, and the requirement of a hearing is limited to that which is appropriate to the nature of the case.

*Gallagher & Ascher Co. v. Simon*, 687 F.2d 1067, 1077 (7th Cir. 1982) (internal quotations and citations omitted).  *See also In re Ralph Marcantoni & Sons, Inc.,* 62 B.R. 245, 248 (D. Md. 1986).  The bankruptcy court determined that Debtor failed to meet her initial burden of establishing a colorable challenge to the proofs of claim filed.  Debtor asserts that she was not given a meaningful opportunity to do so.

In *Marlow v. Rollins Cotton Co. (In re Julien Co.)*,146 F.3d 420 (6th Cir. 1998), an analogous situation to the case before the Panel, the bankruptcy court bifurcated the issue of whether a creditor had a perfected security interest in assets of the bankruptcy estate from the second issue of the priority of the creditor's interest if it was secured.  When the

bankruptcy court rendered its decision finding that the creditor did have a security interest, however, it went further and determined the issue of priority without providing the trustee with an opportunity to present evidence on that issue. The Sixth Circuit determined that the trustee had not been given an opportunity to present evidence on the issue of priority of interest. The district court's decision was vacated and the case was remanded.

In effect, that is what the bankruptcy court did in this case. As shown by the transcript of the hearing, Morton's counsel believed that the hearing on February 20, 2002, was to be in the nature of a pre-trial and he was not prepared to present evidence. The day prior to the hearing, Debtor's counsel filed the motion to strike Morton's response on the basis of standing. The parties were in agreement that if the bankruptcy court determined that Morton did not have standing to respond to Debtor's Objection, then the remaining issues in the case would be moot. It was suggested, and the bankruptcy court appeared to agree, that the court would take the standing issue under advisement and if it determined that Morton did have standing to respond to Debtor's Objection, then the parties could return to court to present any evidence necessary to determine the merits of Debtor's Objection. This procedure would have provided a hearing "at a meaningful time and in a meaningful manner." *Gallagher & Ascher Co. v. Simon*, 687 F.2d at 1077; *In re Ralph Marcantoni & Sons, Inc.,* 62 B.R. at 248. Instead, the bankruptcy court ruled that Morton did have standing and then went ahead to rule on the Objection without giving the parties the opportunity to present evidence.

In denying Debtor's Objection to claims 2, 4, 6 and 9, the bankruptcy court determined that the attachments to those claims "suggest that Debtor bears some responsibility for payment." The bankruptcy court then went on to state:

> In the absence of any affirmative evidence to the contrary, the court cannot conclude that Debtor is not liable on claims two, four, six and nine. Therefore, the court finds that Debtor failed to meet her burden of overcoming the prima facie validity of claims two, four, six and nine and the objection with regard to these claims is overruled.

The evidence that the bankruptcy court may have needed to determine that Debtor had met her initial burden might have been the evidence that Debtor intended to offer at an evidentiary hearing. Debtor understood that she would have the opportunity to present

such evidence after the bankruptcy court made its decision with respect to Morton's standing.

Finally, Morton argues that pursuant to the Stipulated Order, the Debtor agreed to pay 100 percent of the allowed unsecured claims to which she now objects. However, Morton was not a party to the Stipulated Order. Neither the chapter 13 trustee nor the U.S. Trustee, who were parties to the Stipulated Order, filed a response challenging Debtor's Objection on the basis that it was contrary to the agreement contained in the Stipulated Order. Further, the Debtor's Objection was filed prior to the time the parties entered into the Stipulated Order. Therefore all parties to the Stipulated Order were apparently aware that the validity of the claims as applied to the Debtor was in issue, and that the Stipulated Order would ultimately apply to those claims which the bankruptcy court determined were "allowed unsecured claims" after a hearing on Debtor's Objection.

We reverse the decision of the bankruptcy court overruling Debtor's Objection with respect to Claims No. 2, 4, 6 and 9 and remand with instructions to provide Debtor with an opportunity to present evidence.

C.    Claim No. 8:

Claim No. 8 was filed by Cambridge Savings Bank ("Bank") on July 28, 2000, in the amount of $83,193.17 for money loaned and secured by real estate. The real estate is listed in the schedules of the original Case No. 00-61226 as being the residence of the Debtor and Morton. The note attached to Claim No. 8 is signed only by Morton. However, the mortgage, also attached to the claim, is signed by both Morton and the Debtor. The schedules do not reflect whether the real estate is jointly owned. In overruling Debtor's objection to Claim No. 8, the bankruptcy court determined that the objection was filed too late because it was filed after the Debtor's original chapter 13 plan was confirmed on August 9, 2000.

In making its decision, the bankruptcy court recognizes that the Bankruptcy Code does not impose a time frame for filing objections to claims in chapter 13 cases. In reaching its conclusion, the bankruptcy court relied on a line of cases holding that in chapter 13 cases, objections to secured claims must be raised prior to confirmation or the claim is deemed allowed through the confirmation process. *See Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 553 (5th Cir. 1985) ("proof of secured claim must be acted upon–that is, allowed or disallowed–before confirmation of the plan or the claim must be

deemed allowed for purposes of the plan."); *see also, In re Starling*, 251 B.R. 908, 910 (Bankr. S.D. Fla. 2000) ("Debtor waived the right to object to [bank's] claim by failing to obtain an adjudication on the amount of the claim prior to confirmation of the [chapter 13 plan]").

However, not all courts have agreed with this line of cases.

> That a Chapter 13 plan can determine the value for a secured claim at confirmation without addressing the allowance of claims is well recognized. As explained by the bankruptcy court in *In re Fareed*, 262 B.R. 761, 769-70 (Bankr. N.D. Ill. 2001):
>
> > There is ample ground for holding that confirmation should determine the value of a creditor's security interest under § 506(a). . . . In contrast, there is nothing in the Code that requires claim objections, under § 502(b), to be determined at the time of confirmation.
> >
> > . . .
> >
> > [A] requirement that the allowance of claims under § 502 be fully adjudicated at the time of confirmation is not practicable, and would substantially delay confirmation and creditor payment.

*Hildebrand v. Hays Imports, Inc. (In re Johnson)*, 279 B.R. 218, 224 (Bankr. M.D. Tenn. 2002). *See also United States I.R.S. v. Kolstad (In re Kolstad)*, 928 F.2d 171, 174 (8th Cir. 1991) ("There is no bar date or deadline for filing objections."); *In re Barton*, 249 B.R. 561, 566 (Bankr. E.D. Wash. 2000) ("If Congress had intended objections to claims to be filed prior to Chapter 13 plan confirmation, it would have been a simple matter to write such a deadline into the statute"); *Chapter 13 Bankruptcy,* § 287.1 ("Reading a confirmation deadline into Bankruptcy Rule 3007 creates almost insurmountable problems for Chapter 13 practice.").

This latter line of cases appears to be the better reasoned approach and is the one that we will follow. Neither the Bankruptcy Code nor Bankruptcy Rules contain a bar date or deadline for filing objections to claims in a chapter 13 case and we will not read one into the law where none exists. Therefore, this Panel concludes that the bankruptcy court erred in overruling the Debtor's objection to Claim No. 8 on the basis that the objection was filed too late because it was filed post-confirmation. The bankruptcy court's decision in this

regard is reversed, and remanded for the purpose of the bankruptcy court's consideration of the Debtor's Objection to Claim No. 8.

## V. CONCLUSION

We affirm the bankruptcy court's decision that Morton has standing to respond to Debtor's Objection. However, we reverse the court's decision overruling Debtor's Objection with respect to Claims 2, 4, 6, 8 and 9 and remand the case to the bankruptcy court for action consistent with this opinion.