300 B.R. 836 (2003)
In re TWIN LABORATORIES INC. and Twinlab Corporation, Debtors.
David Alcantar, et al., Plaintiffs,
v.
Twin Laboratories Inc., et al., Defendants.
No. M-47(JSR).
United States District Court, S.D. New York.
November 3, 2003.
*837 Rex Littrell, Ulmer & Berne LLP, Columbus, OH, Fibich, Hampton, Leebron & Garth, Kenneth T. Fibich, W. Michael Leebron, Russell S. Briggs, Blizzard, McCarthy & Nabers, Edward Blizzard, Williams & Bailey Law Firm, Robert Schwartz, Houston, TX, for Plaintiff David Alcanter.
Michael S. Mullen, Esq., Mullen & Shivers, Dallas, TX, for Summit Sports Club and Pharr Gym.
David B. Rheingold, Esq., Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP, New York, NY, John Evans, Esq., Specter Specter Evans & Manogue, PC, Henry H. Wallace, Wallace, Chapas & Associates, Pittsburg, PA, David A. Mazie, Nagel, Rice, Dreifuss & Mazie, LLP, Livingston, NJ, J. Nixon Daniel, II, Esq., Thomas F. Gonzalez, Esq., Beggs & Lane, Pensacola, FL, Anne Andrews, Esq., John C. Thornton, Esq., Andrews & Thornton, Santa Ana, CA, Tim O'Brien, Esq., Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA, Pensacola, FL, Katherine M. Lordi, Esq., Bloomfield, NJ, Fibich, Hampton, Leebron & Garth, Kenneth T. Fibich, W. Michael Leebron, II, Russell S. Briggs, Blizzard, McCarthy & Nabers, Edward Blizzard, Williams & Bailey Law Firm, Robert Schwartz, Houston, TX, Vitamin Shoppe Industries, Inc., c/o Illinois Corporation Service Co., Springfield, IL, David B. Rheingold, Rheingold Valet Rheingold, Shkolnik & McCartney LLP, New York, NY, Steven David Murakami, Robles Law Center, PA, New York, NY, David R. Heffernan, Abadin Jaramillo Cook Heffernan & Martinez, Miami, FL, Christopher A. Seeger, Seeger Weiss LLP, New York, NY, Hodgson Russ, LLP, Hugh M. Russ, III, Buffalo, NY, Heather *838 R. LaDieu, Meggesto, Crossett & Valerino, LLP, Syracuse, NY, Kenneth T. Fibich, Esq., W. Michael Leebron, II, Esq., Russell S. Briggs, Esq., Fibich, Hampton, Leebron & Garth L.L.P., Edward Blizzard, Esq., Blizzard, McCarthy & Nabers, Robert Schwartz, Esq., Houston, TX, Town East Mall, LP, GGP-Town East Mall, Inc., c/o Corporation Service Company, Austin, TX, Jonathan R. Rosenn, Stanley M. Rosenblatt, P.A., Miami, FL, William Dunn, Esq., Asst. General Counsel, General Nutrition Incorporated, Pittsburgh, PA, Phoenix Laboratories, c/o Hoffinger, Stern & Ross, LLP, New York, NY, John E. Tiedt, Moore, Winter, Skebba & McLennan, LLP, San Bernardino, CA, Robert F. Brennan, La Crescenta, CA, Ethan Early, Early & Strauss, LLC, New York, NY, Lance D. Sharp, Esq., Laura Bellegie Sharp, Esq., Jamal K. Alsaffar, Esq., Austin, TX, John M. Calimafde, Esq., Philip C. Canelli, Esq., Morgan, Lewis & Bocklus LLP, New York, NY, David S. Ratner, Esq., Joseph Williams, Esq., Benedict P. Morelli & Associates, P.C., New York, NY, David B. Rheingold, Paul D. Rheingold, Rheingold, Valet, Rheingold, Shkolnik & McCartney, LLP, New York, NY, James N. Esdaile, Jr., Mary Moynihan Conneely, Sarah E. O'Leary, Esdaile, Barrett & Esdaile, Boston, MA, J. Stewart White, Esq., Law Offices of White & Meany, Reno, NV, Christopher E. Grell, Richard F. Rescho, Ian P. Dillon, Oakland, CA, James J. Rosemergy, II, Esq., The David Danis Law Firm, P.C., St. Louis, MO, David A. Nester, Esq., Nester & Constance, P.C., Belleville, IL, Evan D. Buxner, II, Esq., Walter/Glenn Law Associates, St. Louis, MO, Metabolife International, Inc., San Diego, CA, Lange & Koncius, LLP, Joseph J.M. Lange, Jeffrey A. Koncius, Los Angeles, CA, Nitro2Go, Inc., Highland, CA, James J. McHugh, Scott Levensten, The Beasley Firm, Philadelphia, PA, Ethan Early, Early & Strauss, LLC, New York, NY, Scott K. Johnson, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, Metabolife International, Inc., c/o Corporation System, Los Angeles, CA, The Chemins Company, Inc., Colorado Springs, CO, Optimum Nutrition, dba American Body Building Products, Aurora, IL, Meijer Companies, Ltd., Grand Rapids, MI, Walgreen Co., Deerfield, IL, N.V.E., Inc., Newton, NJ, Robert T. Hall, Esq., Donna Miller Rostant, Esq., Hall & Sickles, P.C., Reston, VA, John Evans, Esq., Specter, Specter, Evans & Montague, P.C., Pittsburgh, PA, Phillip Bohrer, Bohrer Law Firm, L.L.C., Baton Rouge, LA, C.E. Sorey, II, Ramsey Law Firm, P.C., Mobile, AL, Gordon J. McKernan, McKernan Law Firm, Baton Rouge, LA, David F. Miceli, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, for Plaintiffs.
Keith A. Raven, Esq., Friedberg & Raven, LLP, New York, NY, for Rite Aid of New York.
David H. Patterson, Esq., Bodell, Bové, Grace & Van Horn, PC, Pittsburgh, PA, W. Tucker Craig, Vivian H. Fazio, Billing Cochran Health Lyles & Mauro, Ft. Lauderdale, FL, for Cytodyne Technologies, Inc.
Stephen P. McCloskey, Esq., McCloskey & Fritsch, Washington, PA, for Bob O'Leary Health Food Distributor Co.
Arthur Murphy Jr., Esq., Murphy Taylor, LLC, Pittsburg, PA, for Phoenix Laboratories, Inc., and Evergood Products Corp.
Scott T. Heller, Esq., E. Burke Giblin, Esq., Giblin & Combs, LLC, Morristown, NJ, for Defendants Ferdinando Luongo, M.D., Theodore P. Scambati, M.D., and Peter Luongo, M.D.
John P. Cascio, Esq., Passman, Dougherty & Zirulnik, East Hanover, NJ, for Defendant Vera Kunisch.
*839 Catherine J. Flynn, Esq., Fred J. Hughes, Esq., Lindabury, McCormick & Estabrook, P.A., Westfield, NJ, for Defendant Ravinder Bhalla, M.D.
Gayle L. Ballew, Brown McCarroll LLP, Dallas, TX, for Rexall Sundown, Inc.
Donald Hudgins, Houston, TX, for Discount Nutrition Center.
Stephen R. Stern, Charles A. Johnson, Hoffinger Stern & Ross, New York, NY, Gary J. Siller, Debra W. Biehle, Strasburger & Price, LLP, Houston, TX, for Cytodyne Technologies, Inc.
Donald Blackwell, Daniel K. Bandlklayder, Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein, Miami, FL, for 21st Century Laboratories Inc.
Stephen A. Ryan, Esq., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Muscletech Research and Development.
Thomas B.K. Ringe III, Esq., Duane Morris LLP, Philadelphia, PA, for MuscleTech.
James M. Wood, Esq., Robert Crane, Esq., Crosby, Heafey, Roach & May, Oakland, CA, Samuel S. Lewis, Marlow, Connell, Valerius, Abrams, Adler & Newman, Miami, FL, for Wal-Mart Stores.
Catherine A Damico, Esq., Kutak Rock LLP, Omaha, NE, for Wal-Mart.
Bruce M. Trybus, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Ft. Lauderdale, FL, for Navarro Discount Pharmacies, Inc.
Lawrence D. Smith, Natasha K. Talib, Walton Lantaff Schroeder & Carson, LLP, Miami, FL, for Walgreens.
E. Nathan Schilt, Schilt & Heinrich, Loma Linda, CA, for Ron Shih Yung Foo, M.D., Cameron Jay Johnson, M.D., Loma Linda Behavioral Medical Center, and Loma Linda University Medical Center.
Robert A. Valadez, Shelton & Valadez, P.C., San Antonio, TX, for H.E.B. Grocery Company, L.P., H.E. Butt Grocery Co., H.E.B. Food Stores, Inc., and H.E.B., Inc.
Richard J. Poliferno, Esq., Long & Houlden, Boston, MA, for Stryka Botanics Co., Inc.
J. Stephen Peek, Esq., Michelle D. Mullins, Esq., Hale, Lane, Peek, Dennison, Howard & Anderson, Las Vegas, NV, R. Gaylord Smith, Esq., Albert R. Limberg, Esq., Tim J. Vanden Heuvel, Esq., Lewis Brisbois Bisgaard & Smith LLP, San Diego, CA, for Metabolife International.
William R. Killup, Esq., Thorndal, Armstrong, Delk, Balkenbush & Eisinger, Las Vegas, NV, for Wal-Mart Stores, Inc., and Rexall Sundown, Inc.
James J. Pisanelli, Esq., Christine Gilbert, Esq., Schreck Brignone Godfrey, Las Vegas, NV, Edwin B. Wainscott, Esq., Edward A. Salanga, Esq., Quarles & Brady Streich Lang LLP, Phoenix, AZ, for Nature's Bodycare, Inc.
Lisa King, Esq., Christian Ziegler, Esq., Walsworth, Franklin, Bevins & McCall, Orange, CA, Richard E. Desruisseaux, Esq., Rawlings Olson Cannon Gormley, & Desruisseax PC, Las Vegas, NV, for The Chemins Company, Inc.
Robert S. Beale, II, Esq., Sheppard Mullin Richter & Hampton LLP, Costa Mesa, CA, for Interhealth Neutraceuticals.
Patrick F. Madden, Esq., McCauley, Macdonald & Devin, Dallas, TX, for Fran's Health Natural Foods.
Todd C. Kinney, Esq., Kutak, Rock LLP, Omaha, NE, for Walmart.
*840 Eugene L. Ciotoli, Bobo, Ciotoli, Bucchino, & Newman, P.A., North Palm Beach, FL, for NVE, Inc.

OPINION AND ORDER
RAKOFF, District Judge.
Twin Laboratories Inc. and Twinlab Corporation, which are Debtors in consolidated Chapter 11 proceedings before the United States Bankruptcy Court for the Southern District of New York, move in the District Court, pursuant to 28 U.S.C. § 157(b)(5), to transfer to this Court thirty-five personal injury cases pending against Debtors (and therefore presently stayed) in other jurisdictions throughout the country.[1] The lawsuits all relate to injuries allegedly resulting from the ingestion of dietary supplements manufactured by the Debtors, most of which contained ephedra.
Section 157(b)(5) of Title 28 distinguishes personal injury claims from all other lawsuits related to a bankruptcy by providing, in seemingly mandatory language, that:
The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.
(emphasis supplied). The Second Circuit has determined, however, that this section must be read in tandem with subsection 1334(c)(1) of the same title, which provides that:
Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
Although the abstention permitted by subsection 1334(c)(1) applies on its face only to "this section" (i.e., to section 1334), the Second Circuit has read subsection 1334(c)(1) "to codify judicial abstention doctrines" of more general applicability, In re Pan American Corp., 950 F.2d 839, 845 (2d Cir.1991), including applicability to transfers under section 157(b)(5), see id. Thus, the Second Circuit, like several other circuits, has held that "[a] motion under section 157(b)(5), therefore, requires an abstention analysis." Id. at 844.[2]
Nonetheless, in deference to the seemingly mandatory language of § 157(b)(5) and its obvious purpose of giving *841 particular priority to the centralization of bankruptcy-related personal injury claims in a single forum, the Second Circuit has further instructed district courts that, so far as cases falling within the purview of that section are concerned, "[t]ransfer should be the rule, abstention the exception." Id. at 845. Accordingly, even though district courts in deciding whether or not to abstain in a bankruptcy context have frequently invoked a 12-factor test, see, e.g., In re WorldCom, Inc. Securities Litigation, 293 B.R. 308, 332 (S.D.N.Y.2003), that test must here be applied with caution, taking account of the strong legislative presumption favoring transfer under § 157(b)(5): for in this context, perhaps even more than elsewhere, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).
The twelve factors are:
(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.
In re WorldCom, Inc. Securities Litigation, 293 B.R. at 332, quoting In re Masterwear Corp., 241 B.R. 511, 520 (Bankr.S.D.N.Y.1999). On their face, some of these factors (e.g., the seventh factor, involving the difference between "core" and "non-core" proceedings) are more directly applicable to other situations than to a proposed transfer under § 157(b)(5). Nevertheless, the Court has carefully considered each of these factors and finds that, of those even arguably applicable to the instant motion, the majority of such factors  such as the first, third, fourth, fifth, eighth, eleventh, and (to a lesser extent) twelfth  favor transfer.
Conversely, only the second factor  the predominance of state law issues over bankruptcy issues  clearly favors abstention. But after extensive oral argument on this point (and on related considerations of state policy), see transcript 10/17/03, the Court is satisfied that none of the state law issues here involved are difficult, unsettled, or unfamiliar to a federal court that, thanks to diversity jurisdiction, has its share of state-law personal injury cases. Nor, in any event, can the predominance of state law issues be given decisive effect in analyzing transfer under § 157(b)(5), for the very subject matter of that section  personal injury claims  is almost always governed by state law, and yet Congress, in enacting § 157(b)(5), singled out such claims as the very ones it wanted transferred. Thus, application of *842 the 12-factor test strongly favors granting the instant motion.
The Court has also considered the other issues raised by opponents of the motion but finds them wholly lacking in merit.[3] Accordingly, the Debtors' motion to transfer is granted, and opponents' motions for abstention are denied.[4] Counsel for the Debtors is hereby directed to take whatever steps are necessary, in coordination with counsel for the parties in the respective actions being transferred, to (a) effect such transfers as quickly as possible, and (b) coordinate with the Clerk of the Court of the Southern District of New York so that all the transferred cases will be marked as related, assigned to the undersigned, and, in addition to retaining individual captions, ultimately be given a common caption of "In re Twinlabs Personal Injury Cases," with a corresponding civil docket number.
Once transfer is completed, Debtors' counsel should promptly advise the Court in writing, so that the Court can convene a status conference and coordinate with the Bankruptcy Court as to further proceedings in these cases. Until then, all the cases affected by this order remain stayed.
SO ORDERED.
NOTES
[1] Although no party to the instant motion has asserted that the motion should have been referred to the Bankruptcy Court by virtue of the standing referral order in this District, this Court, in an excess of caution, hereby withdraws any such putative reference of this motion. Cf. In re Pacific Gas & Electric Company, 279 B.R. 561 (Bankr.N.D.Cal.2002)(claiming that the Bankruptcy Court has coordinate power to decide such motions). In addition, the Court hereby withdraws the underlying reference of the Chapter 11 proceedings to the limited extent necessary to avoid any interference with the implementation of this order or of any proceedings arising therefrom. See 28 U.S.C. § 157(d)("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.") The Court will work closely with the Bankruptcy Court so that proceedings in the cases hereby ordered transferred  which remain stayed pending further order of this Court  will be coordinated with proceedings in the underlying bankruptcy.
[2] For this reason, apparently, some of the opponents of the instant motion have styled their opposition as a cross-motion for abstention. Technically, however, no cross-motion is necessary to raise abstention as a ground for denying transfer.
[3] Brief mention should perhaps be made of the creative efforts made by counsel for the plaintiffs in Lugene Parsley et al. v. Metabolife Int'l, Inc., et al., Dkt. No. 03-L-537 (St. Clair County, Illinois) to avoid federal jurisdiction. The proposed class in that action consists of "[a]ll persons in the State of Illinois who purchased ephedra products from [Twinlabs and the two other companies]," Parsley Complaint ¶ 17. The gravamen of the complaint is that Twinlabs and the other defendants manufactured ephedra-based products that posed a serious risk of physical injury and that defendants "failed to adequately and sufficiently warn of serious side effects that were associated with the rise of their ephedra-based products including, but not limited to, cardiac complications, stroke, seizure, elevated blood pressure, tachycardia, heart palpitations, irregular heartbeats, dizziness, and/or severe headache," id. at ¶ 15. Yet (in seeming derogation of class counsel's fiduciary duties to the class) the complaint not only attempts to avoid diversity jurisdiction by "explicitly disclaim[ing] damages in excess of $74,999.99 . . . for each Class Member," id. at ¶ 11, but also attempts to avoid transfer under § 157(b)(5) by purporting to expressly exclude "all claims for personal injury or wrongful death," id. at ¶ 17. Yet the first five counts of the six-count complaint are the standard product liability tort claims for a defective drug, to wit, strict liability in manufacturing and labeling, negligence, and breach of express and implied warranties, and seek unspecified damages for the unspecified "harm" directly and proximately caused by ephedra's alleged side-effects and the failure to warn of same. Despite being challenged by Debtors, nowhere in their motion papers do counsel for the Parsley plaintiffs identify what such "harm" consists of other than personal injuries and the risk thereof. While a plaintiff may be "master of his complaint" in some contexts, palpably specious "artful pleading" of the kind presented by Parsley cannot serve to overcome (or leave to state courts to effectuate) the very strong federal policy of § 157(b)(5) favoring transfer to federal court of personal injury actions related to a bankruptcy.
[4] Although § 157(b)(5) permits transfer either to the district court in which the bankruptcy case is pending or to the district court in the district in which the claim arose, neither side here argues for the latter alternative, since the claims arose in numerous districts. Thus, in this case, the purposes of § 157(b)(5) can only be achieved by transfer to this Court.